RAYMOND *v.* THE ELLA S. THAYER.

(*District Court, N. D. California.* June 1, 1887.)

1. SEAMEN—WAGES.
    Where a seaman, injured in a vessel's service, at his own solicitation, and against the advice of the master, obtains his discharge in an American port, and receives his wages to date, and a certificate for admission to the marine hospital, he cannot afterwards maintain a claim for wages to the end of the voyage.

2. SAME—EXPENSES OF MEDICAL TREATMENT.
    Having been admitted to a United States marine hospital, and obtained a discharge therefrom at his own request, the vessel is not liable for expenses thereafter incurred by him at a private hospital.

In Admiralty. Libel for wages and expenses of treatment at a hospital.

*Wm. Hoff Cook*, for libelant.

*Daniel T. Sullivan*, for respondent.

HOFFMAN, J. I am clearly of opinion that the proofs in this case do not disclose such negligence on the part of the master as would render the employer responsible for injuries to an employe caused by the negligence of a co-employe, either on general principles or by the law of this state. To hold otherwise would be to make the ship-owner an insurer of every seaman against all accidents which might occur in the course of the voyage, which could not be shown to have been the result of his own negligence, or the irresistible violence of the elements.

The claims for wages to the end of the voyage, and for expenses at the German Hospital, must, I think, both be disallowed. A seaman injured in the ship's service is undoubtedly entitled to be cared for at the ship's expense, and to his wages until the end of the voyage. But he cannot claim wages to the end of the voyage when he has obtained his discharge at his own solicitation, and against the advice and even the expostulations of the master. The master urged him to remain on board, offering to provide for him medical advice and assistance, and to take him back to San Francisco. Had the libelant assented, he would, undoubtedly, have been entitled to wages up to the time of his arrival; but he insisted upon receiving his discharge, and going to Port Townsend Marine Hospital. The master thereupon paid him all the wages due him, gave him a certificate to enable him to obtain admission to the hospital, and paid his fare to Port Townsend. He remained at the hospital, under treatment, some 15 days, when he was discharged, at his own request. I know of no case where a disabled seaman, discharged in an American port, and at his own urgent solicitation, in order that he might be admitted to a United States marine hospital, has been allowed subsequent wages. In the case of *The W. L. White*, 25 Fed. Rep. 503, it is doubted by the learned judge whether a discharge of a disabled seaman, in a foreign port, by the United States consul, at the request of and on the payment of one month's extra wages by the master, would, under the act of June 26, 1884, c. 121, § 3, known as the "Dingly Act," be valid; but he admits that, if valid, it "would bar all claims for subsequent wages." And an alleged consent given by a seaman seriously sick or injured, and confined ashore, was held by Judge LOWELL to be inoperative. *Callon* v. *Williams*, 2 Low. 1. In this case it was also held that a consul at a foreign port has no right to discharge a seaman for disability arising from wounds received in the ship's service; "but the court observes that a fair contract, with a full understanding arrived at, might be upheld, though the man was more or less ill," even though the discharge was in a foreign port. But that a discharge in an American port, insisted on by the man, in order that he might go to a United States marine hospital, and reluctantly granted by the master, is a bar to a claim for wages until the end of the voyage, cannot, I think, be doubted.

That a seaman injured in the ship's service is entitled to be cured at her expense is not disputed. This, of course, means that he is to receive, at the vessel's expense, the ordinary medical assistance and treatment in cases of injury or acute disease, for a reasonable time. The ship is not bound to pay for his medication, for the cure of a chronic disorder, for an indefinite length of time. The accident to the libelant in this case produced, it is alleged, a double direct hernia, pronounced by the physicians to be incurable. He was under treatment at the Marine Hospital at Port Townsend for 15 or 16 days, when he was discharged at his own request. He had previously declined the master's offer to procure a physician, and to have him treated on board the ship. He now demands $60 for six weeks' treatment at the German Hospital in this city. There is no evidence to show what treatment he underwent at the German Hospital, and none, except his own, to prove that he remained there for six weeks, or any other period. It would seem, from the nature of his injury, that all the medical relief he could obtain must have been furnished at the Marine Hospital. At all events, he might have remained there until medical means for his relief were exhausted. He chose to leave the hospital; and, if this be denied or doubted, he must have been discharged as cured; that is, as having obtained all the relief that the medical art could afford him. He came to this city, went to the German Hospital, where he remained, he says, six weeks. Why he might not have remained there, at the ship's expense, six months or six years, if his present claim be allowed, is not apparent. There is no evidence to show that his cure was not as complete, so far as his injury was curable, and so far as the ship was bound to defray the expenses of it, when he left the Marine Hospital as when he left the German Hospital. The character of the injury seems to indicate that it was. I think that, under the circumstances, the ship cannot be charged with the expense of the further medication, if any, which he had received at the German Hospital. Libel dismissed.