**THE E. H. RUSSELL.**

No. 11019.

District Court, E. D. New York.

July 9, 1930.

John T. Little, of New York City, for libelant.

William T. Van Alstyne, of New York City, for respondent.

GALSTON, District Judge.

For a number of years the libelant had been employed as captain, master, and pilot of the steamlighter E. H. Russell, operating in and about New York Harbor.

On January 7, 1928, while navigating the vessel at or near Port Liberty, N. J., at about 10:30 a. m., he suffered an attack of illness, and for about two minutes was unconscious. Thereafter he complained of haziness and dizziness. However, he was able to take the vessel to pier 11, East River. For a few days thereafter he performed his daily duties, and then resigned his position.

Ever since he has been ailing, and from time to time has been treated by various doctors. On May 31, 1928, it was found that he had chronic myocarditis and low blood pressure. An examination in July, 1929, showed that he was suffering from glaucoma, but the doctor was unable specifically to assign a cause.

The libelant seems to rest his case entirely on the ground that his illness occurred while in service of a vessel on which he had been employed many years. The claimant contends that the illness is in no way connected with the calling of the libelant.

His working day on the vessel was ten hours; sometimes he worked longer, sometimes shorter. He worked six days a week. The libelant admits that the vessel was kept in good condition; that his own quarters were in good shape; that in the discharge of his duties he was not exposed to the weather any more than one walking about the streets or on the docks. The libelant lived at home, in his wife's house.

It is extremely difficult to understand what duty, if any, claimant owes to the libelant for care and maintenance and medical attention. In his libel he seeks $2,500, but at the trial sought to recover only $1,864, a figure arrived at on the basis of a maintenance charge of $4 a day for the period from the 9th day of January, 1928, to the 26th day of April, 1929.

It is of course true that, if he had been on a voyage while taken ill, he would have been given maintenance, care, and treatment during the continuance of the voyage. Such a rule does not apply here, because he was not on a voyage.

Perhaps the nearest case in point is that of The Bouker No. 2 (C. C. A.) 241 F. 831, 834. The libelant was a marine engineer in charge of the engines of the Bouker No. 2, a tug engaged in the business of towing scows in the New York Harbor. He was paid by the week, and remained on board a week or more at a time, and then went home for brief periods to his house, where he lived with his wife. He fell ill while on his boat, and then left for home, and, when examined by his physician, was found to be suffering from pneumonia. The court recognized an obligation to the seaman, and said:

"On reason, also, we have no doubt that the seaman's right to curative effort should not cease with the wage period. The demand constitutes a lien, not for any specific sum of money, but for whatever reasonable sum may be appropriate to discharge that lien, which lien arose once and for all, and in its entirety, when the mariner became ill or wounded in the ship's service."

In the Bouker Case it was found that the illness was contracted in the ship's service, but "the ship is not bound to pay for (the sailor's) medication for the cure of a chronic disorder for an indefinite length of time." The Ella S. Thayer (D. C.) 40 F. 902. Obviously, as was said in The Bouker:

"The limits of cure or care, both as to kind of treatment and time of continuance, must always depend on the facts of each particular case."

Accordingly, it seems that there may be some duty owing by the claimant herein to the libelant arising out of the peculiar relationship which the admiralty law has read into the employment of a seaman. What the amount should be is certainly a vexed question, apparently not reducible to formula. Counsel cites no case of a chronic condition such as the libelant suffers from, which makes award for maintenance and cure. He has not been disabled all of the time. He sought employment and actually acted as a salesman of real property.

In the circumstances, an allowance of ninety days, at $4 a day, seems all that he should reasonably expect. He may have a decree accordingly.

Settle decree on notice.