**SICILIANO v. CALIFORNIA SEA PRODUCTS CO.**

**No. 6188.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 10, 1930.

Rehearing Denied Dec. 6, 1930.

H. W. Hutton and A. S. Fiore, both of San Francisco, Cal., for appellant.

John H. Black, Ackerman, Wayland & Mathews, and Charles R. Wayland, all of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

On March 12, 1929, appellant shipped as a digester loader on the whaling ship "Lansing" for a whaling voyage to Magdalena Bay, Mexico. The voyage is described in the articles as follows:

"* * * From the Port of San Francisco, California, to Magdalena Bay, Mexico, and such other ports and places in any part of the Pacific Ocean as the master may direct on a whaling voyage and back to San Francisco, California, a final port of discharge in the United States, for a term of time not exceeding twelve calendar months."

The wages were $35 per month, together with a bonus of 4 cents on each barrel of No. 1 and 2 cents on each barrel of No. 2 whale oil obtained during the voyage. On the 24th day of May, while packing whale meat in the digester, he was injured by the cover of the digester falling upon his hand, catching his fingers between the cover and the edge of the digester, and badly mashing his fingers. The ship's doctor took care of him from the date of the injury to June 18, 1929, when his hand was sufficiently healed so that the doctor advised him to begin light work, and he did so. On June 25 he resumed work at his usual task. During the period that he was working his hand was treated every night by the doctor. It was soaked in warm water and massaged for the purpose, no doubt, of breaking up the adhesions resulting from the healing of the wound. On the 25th of July the doctor suddenly left the ship. He was treating the appellant's hand every night up to that time and testified concerning its condition, as follows:

"I was in hopes that later on, if I could keep his hand straight, that a plastic operation could be done so as to avoid this contraction, but when that treatment was interrupted, of course, that hand was bound to contract."

After the doctor left, on one or two occasions the appellant declined to work, and was penalized therefor, and on August 8 he requested that he be released from the vessel. On August 12 the release was granted and he left the ship on one of its small boats for San Pedro, which was about sixty miles distant.

■ The trial court accepted the testimony of the ship's officers that the appellant did not at any time complain to them of pain in his hand or request a release from the ship on account of his suffering or the need of treatment for his hand. We are bound by this conclusion, although the appellant testified to the contrary, and now asks us to hold the facts to be as he testified. Alaska Packers Ass'n v. Domenico (C. C. A.) 117 F. 99. The appellant was informed at the time he left the ship that he would thereby forfeit his bonus if he did so. He said he did not care. He was at that time able to perform and was in fact performing the duties which he had been customarily performing and had agreed to perform.

■ In view of these circumstances and the conclusion of the trial court as to the preponderance of the evidence as the witnesses appeared before him, we must dispose of the case upon the assumption that the appellant left the ship voluntarily and on his own initiative without informing the ship's officers of his desire for further treatment of his hand and without giving them the opportunity to furnish further treatment aboard ship. Under these circumstances, having voluntarily abandoned his duties, and having been released therefrom upon his own request, he is not entitled to the further compensation agreed to be paid as the consideration therefor. The trial court rendered judgment in his favor for his wages, including bonus, up to the time he left the ship. The respondent does not complain of this allowance. This was all the appellant was entitled to under the shipping articles which he signed and was all he was entitled to under the maritime law where a contract was voluntarily terminated. Raymond v. The Ella S. Thayer (D. C.) 40 F. 902; Waitshoair et al. v. The Craigend (D. C.) 42 F. 175.

Decree affirmed.