## WAHLER v. ALASKA S. S. CO.
### No. 15364.

United States District Court
W. D. Washington, N. D.
June 22, 1950.

Bassett & Geisness and John Geisness, Seattle, Wash., for libelant.

Bogle, Bogle & Gates, Edward S. Franklin, and Robert V. Holland, all of Seattle Wash., for respondent.

BOWEN, Chief Judge.

On or about May 1, 1948 at Seattle, libelant, as a winch driver and member of the crew, signed on the SS Coastal Rambler, operated by respondent, and continued to serve in that capacity in the Alaska trade until October 29, 1948.

While so serving on that vessel, libelant was troubled with and, under the master's authorization, received medical treatment for piles. Libelant also, while in the Coastal Rambler's service at Whittier, Alaska, became ill with some internal disorder interfering with his digestion of food and resulting in his vomiting and in a blindness sensation when looking into the hold of the vessel. After that occurrence, during a trip on the Coastal Rambler to Prince Rupert, his condition was no better.

After the Rambler returned from Prince Rupert to Ketchikan, libelant, with the consent of the ship's master who knew of and approved the plan, arranged to swap jobs with a seaman on respondent's Seattle bound ship Square Sinnett in order to accomplish libelant's desire to return to Seattle for the purpose of obtaining medical treatment at the Seattle Marine Hospital.

In that connection, on or about October 29, 1948 at Ketchikan, the master of the Rambler paid to libelant all of the unpaid wages he had earned on the Rambler, and libelant then signed off that vessel and that vessel's master and libelant signed a mutual release.

After arriving back in Seattle ex the Square Sinnett, libelant, on account of the absence of his ship's service records and hospital certificate in respondent's Seattle office, experienced a few days delay in making arrangements to enter the Seattle Marine Hospital during which time he visited his home in Spokane, but as soon as possible he entered the Seattle Marine Hospital. At that Hospital, he was operated upon and had his gall bladder removed.

In this action libelant sues the respondent as operator of the Coastal Rambler for wages for the remainder of that vessel's voyage subsequent to the time when libelant signed off the vessel at Ketchikan, and, also, for maintenance while he was necessarily receiving medical treatment and care, and for cost of transportation between Seattle and Spokane.

■ Since libelant voluntarily terminated at Ketchikan his employment contract on the Rambler, then received all of his accrued wages, signed off of that vessel and with the master signed a mutual release, and thereafter entered the employ of the Square Sinnett, a different vessel, and served on that vessel on its return trip to Seattle, libelant is not entitled to recover from respondent any sums on account of wages on the Rambler claimed for any time subsequent to libelant's signing off the Rambler at Ketchikan. Since he is not suing for wages for any other time, he may not in this action recover anything on account of wages.

■ A seaman voluntarily quitting his service on a ship is not entitled to further unearned wages. Pettersson v. Empire Transportation Co., 9 Cir., 111 F. 931; Siciliano v. California Sea Products Co., 9 Cir., 44 F.2d 784, 1930 A.M.C., 1975.

■ Libelant, however, notwithstanding his signing off the Rambler at Ketchikan and signing the mutual release with the master of that vessel, is entitled as against the respondent to recover for maintenance during the time reasonably necessary to effect his cure, and the Court finds the sum of $200.00 is a reasonable sum to be allowed for such maintenance. 56 C.J. p. 1076, Sec. 610.

■ No allowance is approved by the Court on account of transportation expenses incurred by libelant in traveling between Seattle and Spokane while awaiting admission to the Seattle Marine Hospital.