## THE SEMINOLE.[1]

### FARNHAM v. THE SEMINOLE.

*(District Court, E. D. New York.   May 22, 1890.)*

1. MARITIME LIEN—WAIVER—LACHES.
    One who claimed to have a lien on a vessel for wages, but who had been a witness in, and was consequently chargeable with knowledge of, a controversy over her ownership, and the fact that the vessel was in custody pending such suit, but who held his claim back until after the delivery of the vessel in pursuance of the decree of the court in the possessory action, was *held*, by his delay under such circumstances, to have waived his lien on the boat.
2. ADMIRALTY—FACTS JUDICIALLY KNOWN—HOW BROUGHT BEFORE COURT.
    Facts judicially known to the court, which do not appear in the libel, may be brought before the court in an exceptive allegation attached to exceptions.

In Admiralty.   On exceptions to libel for wages.
*Charles E. Le Barbier*, for libelant.
*Albert A. Wray*, for claimant.

BENEDICT, J.   This is an action to enforce a lien upon the sharpie Seminole for wages asserted to have been earned by the libelant, under the employment of one William Leonard, as pilot and ship-keeper from the 5th day of July, 1889, to the 25th day of January, 1890.   To this libel the claimant has excepted upon the ground, among others, that the claim of the libelant is stale.   Certain facts judicially known to the court seem to require a dismissal of the libel upon the ground above stated, such facts compelling the conclusion that the libelant, by delay under the circumstances, has waived any lien that he may have had upon the sharpie for the services set forth in the libel.   The facts referred to are as follows:   The sharpie Seminole was in the custody of the marshal of this district from January 17, 1890, to March 28, 1890, in an action of possession, wherein the question arose whether one William Leonard, who is set forth in this libel as owner of the sharpie, and employer of the libelant, or one Lynch, was entitled to the possession of the sharpie. On the trial of the action the present libelant was a witness in court, and is chargeable with knowledge of the controversy involved in the action, and of its result, and the fact that the sharpie was in the custody of the marshal in that action.   A decree was entered in the action on the 21st day of March, 1890; and on the 28th day of March, 1890, in pursuance of the decree in that action, the sharpie was delivered by the marshal to the custody of Lynch.   The libelant, although now claiming to have then had a lien upon the sharpie, held his claim back until after the delivery of the sharpie to Lynch in pursuance of the decree of this court in the possessory action.   But, as soon as the sharpie was so delivered, he filed this libel, and caused her to be seized again.   I entertain no doubt that he should be held, by his delay under such circumstances, to

have waived any lien against the sharpie that he might have had, arising out of any facts set forth in the present libel. But the case is now before the court upon exceptions, and the facts above referred to as judicially known to the court do not appear in the libel. I do not see, therefore, how, upon the exceptions alone, as they stand, the libel can be dismissed. I am, however, of the opinion that a claimant may, in an exceptive allegation attached to exceptions, bring before the court facts judicially known to the court. In this case, for instance, I think the claimant may set forth in the manner suggested the facts that the sharpie was in the custody of this court under process in the possessory action; that the libelant was a witness in that action, and cognizant of the proceedings; that, in that action, Lynch was adjudged to be entitled to the possession of the sharpie; that, under such decree, possession of the sharpie was delivered to Lynch; and that this libel was not filed until after possession had been so delivered. These being facts which appear from the records of the court, and of which the court can take judicial notice without other proof than the record, I see no reason why it will not be the duty of the court, upon presentation of these facts in such a form, to dismiss the libel without compelling the claimant to await a formal trial of the cause before presenting them to the court. I think, therefore, that the claimant may be permitted now to set forth these facts in an exceptive allegation; and upon the filing of such an allegation the libel will be dismissed, with costs.