HANSEN v. UNITED STATES et al.

(District Court, S. D. Georgia. January 27, 1926.)

No. 346.

Seamen ☞29(3)—Suit against United States for personal injury governed by Jones Act, and negligence of officer or fellow seaman is no defense (Comp. St. Ann. Supp. 1923, §§ 1251¼a, 8337a).

A suit in admiralty, brought by a seaman against the United States, under Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), for personal injury received on board a ship owned and operated by the United States or the Shipping Board or Fleet Corporation, is governed by the provisions of Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), and it is not a defense that the injury was caused by negligence of an officer or fellow seaman.

In Admiralty. Suit by Thorlief Hansen against the United States and others. Decree for libelant.

Oliver & Oliver, of Savannah, Ga., for libelant.

Lawton & Cunningham, of Savannah, Ga., for respondents.

BARRETT, District Judge. Thorlief Hansen was injured on December 10, 1922, on the steamship Coldwater in the harbor of Charleston, S. C. This steamship was the property of the United States of America, acquired through the United States Shipping Board, and operated under a contract made by the United States Shipping Board Emergency Fleet Corporation with the Carolina Company; the latter company acting as agent. At Savannah, Ga., on October 20, 1923, Hansen filed his libel against the United States of America, the United States Shipping Board, the United States Shipping Board Emergency Fleet Corporation, the Carolina Company, and the steamship Coldwater; said steamship at that time lying in the port of Savannah.

Exceptions were filed because of the joining of all of these libelees. The answer of the United States of America to the libel avers, "that at the time therein mentioned the steamship Coldwater was owned by this respondent, and was operated for it by the Carolina Company under a contract made between the Carolina Company and this respondent, acting through the United States Shipping Board and the United States Shipping Board Emergency Fleet Corporation." In view of this answer and the provisions of the Suits in Admiralty Act of March 9, 1920 (41 Stat. 525; U. S. Comp. Stat. 1923 Ann.

Supp. § 1251¼a) this libel may be treated as one properly brought against the United States of America.

The injury to the plaintiff was caused by his being caught in a cable which was wound around No. 4 port winch and cut off his leg and caused other injury. The original libel was based wholly upon the negligence of the defendant in the operation of the winch, in leaving the cable in a tangled position on the deck, and in not properly coming to the rescue of libelant; the acts of negligence being summarized as follows:

"(1) In winding from the drum several coils of wire rope, letting them lie across the deck, which conduct could serve no good purpose.

"(2) In opening the steam valve and letting the steam to the winch, which would permit the winch to be placed in operation instantly upon touching the lever.

"(3) In permitting the wire cable to lie across the winch lever, so that a slight pressure would put the winch in motion.

"(4) In putting steam on the winch and leaving the winch unattended, with no one to shut off the steam or to shift the lever.

"(5) In failing to take off of the drum of the winch all of the wire rope, which would and should have been done, if any were removed.

"(6) In standing by and seeing libelant dragged to the drum and revolved around the same, and permitting the wire rope to cut his leg completely from his body, and injure him grievously otherwise, when the mate could, in two steps, have moved to the winch, shut off the steam, shifted the lever, and stopped the winch. Any one of said movements would have prevented libelant's injuries.

"(7) In standing by the winch and seeing libelant grievously injured, as aforesaid, while another seaman climbed down the ladder to the engine room and cut off the steam at the boiler, which the mate might have done by moving quickly to the winch.

"(8) In working in a great hurry and confusion, and without proper order, system, foresight, and circumspection, to avoid injury to libelant."

There was no allegation as to the winch being defective. Exceptions to the libel thus filed were urged upon the ground that the owner could not be held liable for compensatory damages because of an injury caused by the negligence of a fellow workman, but would only be liable for such damages in the event that the vessel was unseaworthy. An amendment was then filed by libelant, alleging that "the winch which caused libelant's injury was dangerous, defective, unseaworthy, and unsafe, was not equal in kind to those in general use, and was not reasonably safe to persons employed on the Coldwater, when operated with reasonable care and diligence." The details of such alleged defects were fully set forth.

Thereafter there was a further amendment to the libel, praying that, "in the event the court should hold that libelant is not entitled to compensatory damages for the injuries sustained by him, the court allow to libelant such reasonable sums as are commensurate with the grievous and permanent nature of his injuries for maintenance and cure."

Prior to the Jones Act of June 5, 1920 (Comp. St. Ann. Supp. 1923, § 8146¼ et seq.), the principles governing the right to recover damages for personal injuries were those set forth by the Supreme Court of the United States in The Osceola, 189 U. S. 158, 175, 23 S. Ct. 483, 487 (47 L. Ed. 760), as follows:

"(1) That the vessel and her owners are liable, in case a seaman falls sick, or is wounded, in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued.

"(2) That the vessel, and her owner are, both by English and American law, liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship. Scarff v. Metcalf, 107 N. Y. 211, 13 N. E. 796, 1 Am. St. Rep. 807.

"(3) That all the members of the crew, except perhaps the master, are, as between themselves, fellow servants, and hence seamen cannot recover for injuries sustained through the negligence of another member of the crew beyond the expense of their maintenance and cure.

"(4) That the seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident."

Section 20 of the Seamen's Act of March 4, 1915 (38 Stat. 1164, c. 153 [Comp. St. § 8337a]), provides: "In any suit to recover damages for any injury sustained on board vessel or in its service seamen having command shall not be held to be fellow servants with those under their authority." In the present case the libelant claims that he was

under the authority of the second mate and the acts of negligence complained of are those committed by the second mate.

The Supreme Court of the United States has held in the case of Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 384, 38 S. Ct. 501, 504, 62 L. Ed. 1171 (June 3, 1918): "The language of the section discloses no intention to impose upon shipowners the same measure of liability for injuries suffered by the crew while at sea as the common law prescribes for employers in respect of their employees on shore."

The Congress of the United States on June 5, 1920, enacted the Jones Act (41 Stat. 988). Section 33 of this act amended section 20 of the Act of March 4, 1915, and read as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." U. S. Comp. St. Supp. 1923, vol. 2, § 8337a.

The Circuit Court of Appeals of the Second Circuit, in the case of Panama R. Co. v. Johnson, 289 F. 964, and the Supreme Court of the United States, in the same case, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, held that the said Jones Act of 1920 made applicable to seamen, whether the suit be brought at common law or in admiralty, the provisions of the federal Employers' Liability Act and its amendments (Comp. St. §§ 8657–8665). The Employers' Liability Act provides:

"Every common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." Comp. St. § 8658.

The doctrine of the assumption of risk has not been altered and, while a recovery cannot be defeated by contributory negligence, the doctrine of comparative negligence, with resulting diminution in the amount of recovery, is applicable. This case must, therefore, be determined under the provisions of the Jones Act.

A review of the evidence is unnecessary. A decree is rendered in favor of libelant in the sum of $5,000.