### THE MONTEZUMA.

Circuit Court of Appeals, Second Circuit.
May 2, 1927.

No. 278.

1. Seamen ⊂⇒29(5)—Admiralty court held without jurisdiction of seaman's libel for injury after going on dock to fasten vessel.

District Court *held* without jurisdiction in admiralty of libel by seaman for injury sustained after going on dock for purpose of fastening vessel.

2. Seamen ⊂⇒11(9)—Admiralty courts liberally entertain jurisdiction on seaman's plea for maintenance and cure.

Courts of admiralty have always liberally entertained jurisdiction on the plea of a seaman for maintenance and cure, particularly where there is no fraud, and serious injury has befallen seaman through no fault of his own.

3. Admiralty ⊂⇒109—Appellate court will reverse decree not providing for maintenance and cure, to permit injured seaman to amend libel, though no error was assigned.

Though libel for injuries to seaman did not ask for maintenance and cure, and there was no assignment of error to failure of decree to provide for such relief, appellate court will reverse decree and remand cause to District Court, in order that seaman may apply to amend his libel, and thereafter apply for indemnity for maintenance and cure.

4. Seamen ⊂⇒11(1)—Seaman's right to maintenance and cure becomes a lien on the vessel in his favor.

Under admiralty law, seaman's right to maintenance and cure becomes a lien on the vessel in his favor.

5. Seamen ⊂⇒11(1)—Relation of seaman to vessel creates personal indenture, establishing rights for maintenance and cure in case of injury.

The relation of a seaman to a vessel creates a personal indenture, establishing rights for maintenance and cure in case of personal injury.

Appeal from the District Court of the United States for the Western District of New York.

Libel by James McAlister against the schooner Montezuma; the Davidson Steamship Company, claimant. From a decree sustaining claimant's exceptions and dismissing libel (15 F.[2d] 580), libelant appeals. Reversed and remanded.

Dorsey W. Kellogg, of Buffalo, N. Y., for appellant.

Brown, Ely & Richards, of Buffalo, N. Y., for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. [1] The libel, seeking to recover damages for personal injuries, was dismissed below, because it appeared that the appellant was injured while on the dock immediately after he had put a wire cable over a spile to hold the vessel to the dock preparatory to loading her. While standing about eight feet away, on the wharf, through the negligence of a deckhand operating a winch aboard the vessel, in slacking the cable it was caused to loosen and fly up, striking the appellant in the leg. The District Court ruled, on the exceptions filed to the libel, that it was without jurisdiction in admiralty to afford relief. This result is in accord with the decisions of this court. Netherlands-American S. S. Co. v. Gallagher, 282 F. 171. See, also, Gonsalves v. Morse Dry Dock & Repair Co., 266 U. S. 177, 45 S. Ct. 39, 69 L. Ed. 228; State Industrial Comm. v. Nordenholt Corp., 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013; The Plymouth, 3 Wall. 20, 18 L. Ed. 125. The exceptions were properly sustained.

[2-4] The appellant is a deckhand. His suit is in rem. He now asks that he at least be allowed a recovery for maintenance and cure. The libel as filed does not ask for such indemnity damages, nor did appellant urge in the court below that he recover for maintenance and cure. There is no assignment of error for such failure to recover. However, courts of admiralty have always liberally entertained jurisdiction on the plea of a seaman for maintenance and cure, particularly where there is no fraud, and serious injury has befallen a libelant through no fault of his own. It is based upon the necessity to prevent a failure or miscarriage of justice. Where, as here, such rights may be protected, even though no error was assigned, we will reverse the decree and remand the cause to the District Court, in order that the appellant may apply to amend his libel and then make application for indemnity for maintenance and cure. Under

the admiralty law, this becomes a lien upon the vessel in his favor. The Osceola, 189 U. S. 175, 23 S. Ct. 483, 47 L. Ed. 760; Hansen v. U. S. (D. C.) 12 F.(2d) 321; The Bouker (C. C. A.) 241 F. 831.

[5] The relation of a seaman to his vessel creates a personal indenture, establishing rights for maintenance and cure in case of personal injury. It results in much liberality of remedy, in order that he may not be defeated of such humanitarian purposes.

Decree reversed, without costs.