## SEELY v. CITY OF NEW YORK et al.

Circuit Court of Appeals, Second Circuit. January 20, 1928.

No. 136.

1. Seamen ⊚⇒29(1)—Operator of tug held secondarily liable for maintenance and cure of seaman injured by collision, notwithstanding seaman's recovery from owner of other boat, solely at fault.

Where seaman recovered compensatory damages for injuries caused by collision from owner of other boat, which was at fault, operator of tug on which seaman was employed was nevertheless secondarily liable for expenses of seaman's maintenance and cure, and could be required to pay amount thereof in case party primarily responsible defaulted.

2. Damages ⊚⇒132(15)—$8,000 to seaman for permanent injury to leg and ankle, incapacitating him from following his occupation, and for expenses and pain and suffering, held inadequate, and increased to $12,000.

$8,000 damages to 36 year old seaman earning $1,800 a year for permanent injuries, resulting in shortening of leg and ankylosis of ankle, incapacitating him permanently from following occupation as seaman, and for pain and suffering and loss of wages and medical bills, *held* inadequate, and increased to $12,000.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by John E. Seely against the City of New York and the Pennsylvania Railroad Company for personal injuries sustained while libelant was engaged as seaman on board a barge. From the decree, libelant appeals. Decree modified in part, and reversed in part, with directions.

Silas B. Axtell, of New York City (Charles A. Ellis, of New York City, of counsel), for appellant.

George P. Nicholson, Corp. Counsel, of New York City (Charles J. Carroll, of Brooklyn, N. Y., and William A. Walling, of New York City, of counsel), for appellee city of New York.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and P. Fearson Shortridge, both of New York City, of counsel), for appellee Pennsylvania R. Co.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The appellant was employed as a linesman on the tug P. R. R. No. 27, operated by the Pennsylvania Railroad Company, when, on December 5, 1924, No. 27 collided with the fireboat W. L. Strong, owned by the city of New York. When the collision occurred, the appellant was struck by a line which parted, and received injuries for which he filed this libel. We approve the findings and conclusion of the court below, which resulted in holding the fireboat Strong solely in fault for this collision. The decree was against the city of New York and in favor of the Pennsylvania Railroad Company, dismissing the libel as to it, with costs.

[1] We approve the exoneration of the Pennsylvania Railroad Company from the charges of fault. But the Pennsylvania Railroad Company was liable to the appellant, a seaman, for maintenance and cure—expenses incurred due to this happening. Since a recovery is granted against the city of New

York, it must respond primarily for compensatory damages, which includes maintenance and cure during the period of the appellant's sickness, and among such items is that of medical expenses. But the Pennsylvania Railroad Company is secondarily liable for such maintenance and cure, and must respond in damages, if the city does not satisfy the decree which will be entered in accordance with this opinion.

[2] At the time of his injury the appellant was 36 years old and earning $1,800 a year. The damages allowed below are not compensatory for the appellant's loss of wages, doctors' bills, and permanent injury, together with the accompanying pain and suffering. Considering the length of time required to effect such cure as the appellant has obtained, together with such pain and suffering, caused by his injury, his loss of earnings, his medical bills, and his permanent disability, resulting in the shortening of his leg and an ankylosis of the ankle, requiring his using a cane to walk, all of which has incapacitated him from following his occupation as a seaman, the award should be increased to $12,000.

The decree is modified, and the District Court is directed to enter a decree for $12,000, with costs to the appellant. The Pennsylvania Railroad Company is held secondarily liable for $400 as damages for maintenance and cure. The decree allowing costs to it is reversed.

Decree modified.