## LIPPMAN v. ROMICH.

### THE TALAYHA.

Circuit Court of Appeals, Ninth Circuit.
May 28, 1928.

No. 5387.

1. Appeal and error ⬅1011(1)—Appellate court must defer to finding of trial court, based largely on extremely conflicting testimony.

Where evidence in libel suit is extremely conflicting, Circuit Court of Appeals must defer

26 F.(2d)—38½

to finding of District Court, based largely on testimony taken in open court.

2. Election of remedies ⬅3(1)—Election by one injured while employed as cook on schooner to sue at law for injuries held not to bar right to recover for maintenance and cure (46 USCA § 688).

Election by one injured while employed as cook on schooner to proceed under Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (46 USCA § 688; Comp. St. § 8337a), giving seaman suffering personal injuries right to sue for damages at law, held not to bar right to recover for maintenance and cure under the general admiralty law, since the two remedies are not inconsistent, in the sense that the adoption of one precludes a resort to the other.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Libel, in rem and in personam, by Stephen Romich against the auxiliary schooner Talayha, her engines, boats, tackle, apparel, and furniture, and Lazard Lippman, owner. From a decree in personam against the owner, he appeals. Affirmed.

Burke, Camarillo & Herron, Robert B. Camarillo, and Mark L. Herron, all of Los Angeles, Cal., for appellant.

E. R. Young and H. R. Kelly, both of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. [1] This was a libel in rem and in personam to recover damages suffered by the libelant through the use of a dangerous and defective stove while employed as cook on the gasoline schooner Talayha. On final hearing, the court below found that the charge of negligence had not been sustained, and ordered a dismissal of the libel, but later a decree in personam was awarded in favor of the libelant and against the owner for medical, hospital, and other expenses incident to a cure. From this decree the owner has appealed, contending, first, that at the time of receiving the injuries complained of the appellee was on the schooner as a guest of the owner and not as an employee or seaman; and, second, that the appellee, having elected to proceed under section 20 of the Act of March 4, 1915, 38 Stat. 1185, as amended by section 33 of the Act of June 5, 1920, 41 Stat. 1007 (46 USCA § 688; Comp. St. § 8337a), there could be no recovery for maintenance and cure. On the first question the testimony was extremely conflicting and we must refer to the finding

of the court below, based largely on testimony taken in open court. Did, then, the appellee waive his right to recover for maintenance and cure by asserting a right under the amendment of 1920?

In The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760, the Supreme Court held that it was settled by the law of England and America that a vessel and her owners are liable, in case a seaman falls sick or is wounded in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued; that a vessel and her owners are liable to an indemnity for injuries received by a seaman in consequence of the unseaworthiness of the ship, or à failure to supply and keep in order the proper appliances appurtenant to the ship; that all members of the crew, except perhaps the master, are, as between themselves, fellow servants, and hence seamen cannot recover for injuries sustained through the negligence of another member of the crew beyond the expense of their maintenance and cure; and that a seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received from negligence or accident. The amendment of June 5, 1920, provides "that any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply." 46 USCA § 688; Comp. St. § 8337a.

[2] There is no inconsistency between the right to recover for maintenance and cure under the general admiralty law and the additional right conferred by the 1920 amendment. The remedies are not of such a nature that the adoption of the one is a repudiation or negation of the other. The appellee simply had two coexisting remedies, with the right and privilege of choosing either mode of redress, and when he made his choice his act in so doing cannot be construed as a final repudiation of every other right. In other words, the remedies are not inconsistent, in the sense that the adoption of the one precludes a resort to the other. What the effect would be if the one adopted was carried to a final determination we need not inquire, because that question is not presented. Union Trust Co. of Spokane v. Wiseman (D. C.) 10 F.(2d) 558. Thus, in Hammond Lumber Co. v. Sandin (C. C. A.) 17 F.(2d) 760, a stevedore brought an action at law to recover damages for personal injuries, and in the court below disclaimed any right of recovery under the 1920 amendment, basing his right on the general admiralty law. The reason for the disclaimer was doubtless the fact that under the then rulings of this and other courts a stevedore was not a seaman. But after final judgment, and during the pendency of the writ of error, the Supreme Court held, in International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157, that a stevedore was a seaman within the purview of the amendment, and this court affirmed the judgment under the amendment, even though there could be no recovery under the general admiralty law. Certiorari denied 274 U. S. 756, 47 S. Ct. 767, 71 L. Ed. 1336. So, in The Montezuma (C. C. A.) 19 F.(2d) 355, the District Court (15 F.[2d] 580) sustained exceptions to a libel for the recovery of damages for personal injuries on the ground that there was no jurisdiction in admiralty because the injury occurred on land. This ruling was sustained by the Circuit Court of Appeals, but the decree of the District Court was nevertheless reversed and the cause remanded to permit of a recovery for maintenance and cure, the court saying:

"The relation of a seaman to his vessel creates a personal indenture, establishing rights for maintenance and cure in case of personal injury. It results in much liberality of remedy, in order that he may not be defeated of such humanitarian purposes."

It does not appear whether the libel in that case was under the amendment or under the general admiralty law, nor do we deem that fact material.

The decree is affirmed.