## OWENS v. HAMMOND LUMBER CO.
### No. 21682.

District Court, N. D. California, S. D.

Oct. 11, 1934.

H. W. Hutton, of San Francisco, Cal., for libelant.

Sawyer & Cluff, of San Francisco, Cal., for respondent.

KERRIGAN, District Judge.

Libelant is a seaman who was injured in jumping to the dock from the ship Eureka, owned by respondents. For this injury he recovered a sum of money pursuant to an order and award of the Industrial Accident Commission of California. A petition to review this award was denied by the Supreme Court of California. (Minutes of the Court, 87 Cal. Dec., following page 109.) This libel is brought for maintenance during certain periods when he was an "outpatient." Even though injured on land, libelant has, unless barred by the proceedings before the California Industrial Accident Commission, a right to maintenance under the admiralty law. The Montezuma (C. C. A. 2) 19 F.(2d) 355, 1927 A. M. C. 1423. The question in this case is whether or not libelant may recover for maintenance in addition to the compensation award which he has received.

Libelant's counsel argues earnestly that the right to recover for maintenance is cumulative to that to indemnity for unseaworthiness under admiralty law or damages under the Jones Act; that the compensation award is in lieu of indemnity or damages, and therefore maintenance is cumulative to that recovery. His contention is based on the language used in Pacific S. S. Co. v. Peterson, 278 U. S. 130, 137, 49 S. Ct. 75, 73 L. Ed. 220. The question raised here was not there involved. In that case a plaintiff had received wages, maintenance, and cure, and it was held that he was not thereby barred from bringing an action under the Jones Act, § 33 (46 USCA § 688). The language used in the opinion as to the remedy for maintenance being cumulative when considered in the light of the cases therein cited does not support libelant's view. The cited case of Roebling's Sons Co. v. Erickson, 261 F. 986, 988 (C. C. A. 2), which involved the relation of the right to sue for indemnity and maintenance, expressly states, the relationship of the remedies, as follows: "The plaintiff should not have been required to elect whether to stand upon his claim for indemnity, or upon his right to wages and expenses of cure and maintenance to the end of the voyage. To the latter the seaman is entitled under any and all circumstances, except his own willful misconduct. If he recover indemnity, it will be included; but if he claim indemnity, and fail to get it, he is not for that reason to be deprived of his right to wages and expenses of cure and maintenance to the end of the voyage."

In a suit, either for indemnity in admiralty or under the Jones Act, all of the elements of loss recoverable under maintenance and cure are included in the damages, and, if a seaman recover on either of such causes of action, he may not recover in addition for maintenance and cure. If he fail to recover for indemnity or under the Jones Act, he may still recover for maintenance and cure, which arises from his relationship to the vessel and is based upon liability without fault. The Talayha (C. C. A. 9) 26 F.(2d) 601, 1928 A. M. C. 1014.

The compensation award given by the laws of California is a substitute for either the admiralty indemnity or damages under the Jones Act, and includes the amounts recoverable under maintenance and cure. In fact, it is much closer in its theory to maintenance than it is to either of the above-named rights of action. In both there is liability without fault imposed on the employer by the relationship of employer and employee, and in both the recovery is granted to care for the injured employee during the period of his disability.

Furthermore, by the acceptance of the award of the Industrial Accident Commission, an accord and satisfaction was reached upon libelant's claims arising from the injury in question, and he may not recover again in this court. Riegel v. Higgins (D. C.) 241 F. 718; In re Famous Players Lasky Corp. (Old Ironsides) (D. C.) 30 F.(2d) 402, 1929 A. M. C. 300.

Let a decree be entered for respondent without costs.