**SMITH v. LYKES BROTHERS–RIPLEY
S. S. CO., Inc.
No. 9112.**

Circuit Court of Appeals, Fifth Circuit.
July 15, 1939.

Rehearing Denied Aug. 15, 1939.

HUTCHESON, Circuit Judge, dissenting.

Richard B. Montgomery, Jr., of New Orleans, La., for appellant.

Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

On February 17, 1937, appellant sustained a personal injury in the course of his employment on board the Steamship Liberty Bell. He had been ordered to take bilge soundings, and, in carrying out this order, he fell and sustained a sacro-iliac sprain. In an action at law in the court below, alleging that his injury was due solely to the negligence of the appellee, its officers, and employees in not furnishing him with a safe place to work, he recovered a judgment for compensatory damages in the sum of $2,000. March 7, 1938, this judgment, including all costs, was duly satisfied.

The present libel in admiralty, instituted September 22, 1938, in the same court, is between the same parties and for the same injury, but is predicated upon a different cause of action. In the first suit, the seaman recovered compensatory damages under section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. § 688. In the case now before us, he sought to recover damages, under the general maritime law, for failure to provide him with maintenance and cure.

In the instant case, the appellant alleged his injury while employed as a seaman on said vessel, and claimed to be entitled to maintenance and cure. Exceptions of no right of action and of res judicata were filed by appellee. It also introduced in evidence the following parts of the record in the former case: the petition, supplemental and amended petitions, the answer, supplemental and amended answers, verdict, and judgment. Neither the court's charge to the jury nor any of the evidence was offered, but the charge of the court is in the record on this appeal, having been included therein by the clerk merely because he was directed so to do in the praecipe of appellant's attorneys. Without making any findings of fact, or stating its conclusions of law, the court below sustained both exceptions and dismissed the libel. This appeal challenges the correctness of the decree entered accordingly.

The duty to provide maintenance and cure for a seaman falling sick or injured in the service of his ship is an obligation in addition to mere wages and keep during the term of employment. It is an incident to the contract of service, may extend beyond the termination of the voyage, includes care, nursing, and medical attention, and rests upon the seaman's need, not upon the negligence or culpability of anyone. This doctrine of maritime law is so well established that the error in sustaining the exception of no right of action seems clear.[1] We, therefore, turn to the exception of res judicata.

We note, without stopping to decide, a question of admiralty pleading,[2] also a question of judicial notice by the trial court of its own records in prior cases,[3] both of which are presented because the defense of res judicata was interposed by an exception to the libel and the introduction of evidence thereon; but as neither side has raised these points, we shall not raise them, but shall treat the defense as if raised by answer. The decisive point, according to the briefs and arguments of both sides, is the effect of the entry and satisfaction of the former judgment.

The general rule against splitting single and indivisible causes of action is applicable in admiralty, but this rule does not require that separate and distinct causes of action be presented in a single suit, even though they arose at the same time and

[1] Calmar Steamship Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993.

[2] See, Admiralty Rules 26 and 27, 28 U.S.C.A. following section 723.

[3] Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 863, 96 A.L.R. 937; Paridy v. Caterpillar Tractor Co., 7 Cir., 48 F.2d 166; The Seminole, D.C., 42 F. 924; 20 Am. Jurisprudence, Sec. 87, page 105.

might be considered together.[4] Likewise, the doctrine of election of remedies prevails in maritime cases, but this doctrine presupposes a plurality of alternative rights or remedies, and rests upon the principle that he who seeks equity must do equity. It does not apply to consistent and cumulative remedies.

■■ In Pacific Steamship Company v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L. Ed. 220, the court held that a recovery for maintenance and cure did not preclude a subsequent action for indemnity under the Merchant Marine Act, supra. The present case involves the converse of that ruling. Upon the facts as alleged, which must be taken as true on this appeal, three causes of action accrued to appellant when he was injured by reason of the unsafe condition of the ship, due to the negligence of appellee. The source of each was as follows:

(a) The right to recover wages, and the expense of maintenance and cure which was an incident to his contract for wages, payable irrespective of negligence unless the injury was brought about by the seaman's willful misconduct.

(b) The right, under maritime law, to recover indemnity for injury caused by the unseaworthiness of the vessel, which was predicated upon the negligence of the owner.

(c) The right, under the Merchant Marine Act, supra, to recover indemnity for a personal injury suffered in the course of his employment.

The legal wrong in the prior action was an invasion of the seaman's primary right of bodily safety, but the legal wrong in the present action was a breach of duty to provide the necessary maintenance and cure. The three causes of action, (a), (b), and (c), above mentioned, arose at the same time but depended upon different facts and distinct principles of law. The appellant was required to elect between (b) and (c),

the tort actions; but no election was required as to (a), wherein the duty of the appellee arose as an incident to the contract for wages. Pacific Steamship Company v. Peterson, supra; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069;[5] Olsen v. Whitney, D.C., 109 F. 80.

■ Since there was no splitting of an indivisible cause of action, and no duty to elect between inconsistent remedies, the appellant had the right to sue first for damages sounding in tort, omitting all items and demands for failure to provide maintenance and cure, and then to bring the present action, arising out of a breach of duty incident to his contract for wages;[6] but he did not have the right to be compensated twice for the same elements of damage. If he had lost his case in tort, he would not be barred in this action;[7] but having won it, and the former judgment having been paid, the question is whether he has also been paid his cost of maintenance and cure. His reasonable expenses of maintenance and cure might have been recovered in the form of indemnity in the action at law, but the evidence in the former case is not before us, and we do not know what items were proven or awarded therein. The charge of the court is not properly in the record. So the ultimate question comes to this: In the two cases is there duplication or overlapping of the same elements of expense resulting from one and the same injury? The principle that really applies is one either of payment or of estoppel by judgment, or both. The issue is whether or not the items of damage here involved were actually litigated and determined in the former case.

The record of the former case on its face does not show that any medical expenses were sued for and recovered, and it is doubtful whether expenses of maintenance while ill were. What items of damage were really submitted to the jury

4 Baird v. United States, 96 U.S. 430, 24 L.Ed. 703; Stark v. Starr, 94 U.S. 477, 485, 24 L.Ed. 276.

5 In this case, libellant prayed that if negligence should not be established, he have a decree for wages, maintenance, and cure. The court held that the accident was not due to the negligence alleged, and granted only the alternative relief sought. Held, that the judgment was a bar to a second action for the same injury based on other acts of negligence, because the respondent suffered but a single wrongful invasion of a single primary right, namely, the right of bodily safety, whether the injury was due to one or several distinct acts of negligence or to a combination of two or more of them. We cite this case merely to distinguish it.

6 Atherton v. Anderson, 6 Cir., 86 F.2d 518, 521.

7 Lippman v. Romich, 9 Cir., 26 F.2d 601.

may be proven aliunde by evidence not contradictory of the record. This is an issue of fact properly to be presented by answer, and, as there is not sufficient evidence on the subject in this record, and the lower court made no findings of fact as required by Admiralty Rule 46½, 28 U.S.C.A. following section 723, the decree of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (dissenting).

The case is, I think, a very simple one, and it may be simply disposed of. Plaintiff, in his original action for damages, set out that he had been damaged in the sum of $20,000 itemized as follows: "Pain and suffering, $10,000; loss of past earnings, $45.00; loss of future earnings, $9,955.00." The conclusion of the original petition declared: Petitioner alleges that this action is brought pursuant to Section 33 of the Merchant Marine Act of 1920, 46 U.S. C.A. § 688, and petitioner hereby elects to maintain this action for damages at law with the right of a trial by jury, and to take advantage of all statutes of the United States, modifying or extending the common law rights or remedy, in cases of personal injury to railway employees. The prayer was that petitioner have judgment in the full amount of $20,000, for all costs and disbursements, and for all general and equitable relief. Upon this petition so drawn, plaintiff was entitled to recover his full damages including his medical, surgical, and other disbursements, in other words, cure.

In the charge to the jury, the court among other things said: "An award in damages is not a punishment for the injury inflicted, but is compensation therefor, and should be commensurate therewith, and the facts with reference to said injury, treatment, et cetera, are in evidence."

The jury returned a verdict for plaintiff for $2,000. This verdict in law and in fact, included compensation for loss of wages, pain and suffering, disbursements and expenses for treatment, and et cetera. Baltimore Steamship Company v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

It is quite plain, therefore, that when the same plaintiff sues to again recover for keep $1,092, and for disbursements for medical and other expenses, $52 for a leather jacket, and $100 for treatment, he is in fact seeking a double recovery for the same injury, and this he may not do. Baltimore S. S. Co. v. Phillips, supra; Haugen v. Oceanic Fisheries Company, D.C., 21 F.Supp. 572; Owens v. Hammond Lumber Co., D.C., 8 F.Supp. 392; c/f Seely v. New York, 2 Cir., 24 F.2d 412.

The judgment denying recovery was right and should be affirmed. I dissent from the judgment of reversal.