## THE EDWARD PEIRCE.

District Court, S. D. New York.
July 22, 1939.

George J. Engelman, of New York City, for libelant.

Hatch & Wolfe and J. Newton Nash, both of New York City, for claimant.

LEIBELL, District Judge.

Libelant, who was injured while a seaman aboard the Steamship "Edward Peirce", moves to strike out the exceptions filed by the owner-claimant, Koppers Coal Company, to his libel in rem against the ship for maintenance and cure. The suit is solely in rem. The "Edward Peirce" at the time of libelant's injury was being operated by the Mystic Steamship Company under a bare boat charter, whereby the charterer agreed to man, navigate, operate, victual and supply the ship. Libelant alleges that while employed as an able bodied seaman on the ship as a member of the crew and while he was acting under orders and engaged in the course of his work about the ship, he stepped on some coal on one of the decks, fell, and was injured. This suit is not for damages for the injuries he received but for his maintenance and cure in the sum of $2,000. The exceptions filed by the claimant-owner are (1) that the facts alleged in the libel are insufficient to constitute a cause of action; (2) that they do not give rise to any maritime lien upon the ship; (3) that they do not constitute a cause of action within the admiralty and maritime jurisdiction of this Court.

Claimant concedes that if the seaman had been employed by the owner of the ship he would have had an action in rem against the ship for maintenance and cure. But the point argued by claimant is that under a bare boat charter there is no contractual relationship between the seaman and Koppers Coal Company, the owner of the vessel; that the contractual relationship exists between the seaman and the charterer, Mystic Steamship Company, and that therefore the seaman has no cause of action in rem for maintenance and cure against the vessel herself.

Although the proctors for both sides indicate that they have not been able to find any case directly in point, it seems that the principles of law applicable to the seaman's right to maintenance and cure, as set forth in the decisions of our appellate courts, give the seaman a right to libel the ship, even though at the time of his injury it was being operated by the charterer under a bare boat charter. The basis of a libel for maintenance and cure is not merely the personal contract between the operator of the vessel and the seaman, but the relationship of the seaman to his vessel. If there had been any exception to the general rule, as is contended by the claimant, it would have found expression in the many decisions on the question of maintenance and cure.

The cases cited by libelant to the effect that where there is no contractual relationship under which the libelant is employed as a seaman on the vessel, there can be no claim whatsoever for maintenance and cure, are cases in which there was an issue as to whether or not the seaman was so employed. There is no such issue in this case. The employment of libelant as a seaman on the steamship "Edward Peirce" at the time he met with his injuries is both pleaded in the libel and conceded by the exceptions.

In the oft-cited case of The Osceola, 189 U.S. 158, 23 S.Ct. 483, 487, 47 L.Ed. 760, the rule is stated as follows:

"Upon a full review, however, of English and American authorities upon these questions, we think the law may be considered as settled upon the following propositions:

"1. That the vessel and her owners are liable, in case a seaman falls sick, or is wounded, in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued."

Likewise in this Second Circuit it has been held in the case of The Bouker No. 2, 241 F. 831, and The Montezuma, 19 F.2d 355, that under the admiralty law the claim of the seaman to maintenance and cure becomes a lien upon the vessel in his favor. In The Montezuma case, the appellate court reversed a decree of the district court (which had dismissed the libel for damages for personal injuries because the seaman was injured while standing on the wharf after he had put a wire cable over a spile to hold the vessel to the dock) in order to permit the seaman to amend his libel and then make application for in-

demnity for maintenance and cure. The Court stated:

"Under the admiralty law, this becomes a lien upon the vessel in his favor. The Osceola, 189 U.S. [158] 175, 23 S.Ct. 483, 47 L.Ed. 760; Hansen v. U. S. (D.C.) 12 F. 2d 321; The Bouker (C.C.A. [2 Cir.]) 241 F. 831.

"The relation of a seaman to his vessel creates a personal indenture, establishing rights for maintenance and cure in case of personal injury. It results in much liberalty of remedy, in order that he may not be defeated of such humanitarian purposes."

■ The cases seem to hold that the employment of a seaman on a vessel gives rise in effect to two relationships; (1) the contractual relationship between the seaman and the operator of the vessel who hires him, whether the operator be the owner or a charterer, and (2) the personal indenture between the seaman and the vessel. Regardless of who the operator of the vessel may be, or on what terms, the personal indenture exists between the seaman and the vessel, and that would seem to be a basis for his right to libel the vessel herself for his maintenance and cure when he sustains an injury (other than through his own gross and wilfull misconduct), while he is thus employed in the line of duty or in the service of the ship. The City of Alexandria, D.C., 17 F. 390, 395.

Judge Hough in The Bouker No. 2, 2 Cir., 241 F. 831, 833, in discussing when this right to maintenance and cure arises, stated: " * * * we may state our opinion that a seaman 'falls sick, or is wounded, in the service of the ship,' if such misfortune attacks him while he is attached to the ship as part of her crew. It is not necessary that the wound or illness should be directly caused by some proven act of labor; it is enough that he was, when incapacitated, subject to the call of duty as a seaman, and earning wages as such."

The libel in rem against the ship herself could be more readily asserted, under certain circumstances, than a libel in personam against the operator of the vessel. The libel in rem would afford the seaman better security for his claim for maintenance and cure and at times obtain speedier consideration of his claim. The cost of his maintenance and cure is a charge against the ship. To deprive him of this right, because of the terms of a charter party, would do violence to this long established principle of maritime law and would open the way to harmful practices.

The exceptions to the libel are overruled. Libelant's motion is granted. Submit order on one day's notice.