432

The W. H. HOODLESS.

ARMIT v. LOVELAND et al.

No. 65.

District Court, E. D. Pennsylvania.

Feb. 5, 1941.

Abraham E. Freedman and Freedman & Goldstein, all of Philadelphia, Pa., for libellant.

Howard M. Long, of Philadelphia, Pa., for appellees.

WELSH, District Judge.

The trial of the present suit for maintenance and cure followed a previous trial under the Jones Act, Merchant Marine Act of 1920, Section 33, 46 U.S.C.A. § 688, in which the same libellant recovered a verdict of $10,000 indemnity for an injury suffered in the course of his employment. Civil Action No. 269. The facts upon which the claim is based are established by the evidence of injury given in the previous trial, and subsequent testimony as to the seaman's maintenance. From such evidence we make the following findings:

The libellant was employed by S. C. Loveland & Co., Inc., from March 29 to December 2, 1937, and worked as chief engineer on the "W. H. Hoodless" and the "Albany". On July 27, 1937, while aboard the "Hoodless" he fell from a stairway into the engine room and suffered the fracture of two ribs and chest injuries. He received treatment from doctors at Cambridge and at Chesapeake City, Md., and on August 3, 1937, was given a hospital certificate by his employer for treatment at the U. S. Public Health Service in Philadelphia. There the libellant was treated and X-rayed, and was expected to return for the X-ray report and further treatment, although the libellant states that he was not instructed to do so. In response to an inquiry, he was told that whether he continued to work or not was up to him. The libellant returned to work and continued to perform his duties until December 2, 1937, when he was laid off. On April 4, 1938, the libellant was engaged by the Luckenbach Steamship Company and worked on the "Horace Luckenbach" until February 14, 1939, when he was dismissed because of physical disability.

Thereafter the libellant consulted a private physician who determined that he was suffering from emphysema of the lungs, a progressive ailment that appears to be chronic and for which he is still being treated. In the present suit the libellant seeks to recover for maintenance and cure from February 14, 1939, the amount of the claim up to the date of trial being $735.85.

Respondent defends on the ground that the indemnity damages awarded in the prior suit included all claims for maintenance and cure and therefore no recovery may be had in the present action in admiralty; and that the libellant, having refused the opportunity for treatment at the U. S. Public Health Service, is not entitled to further maintenance and cure.

It is quite definitely established that a claim for damages for injuries sustained as a result of negligence under the Jones Act is a separate and distinct cause of action which does not affect the right or claim of a seaman for maintenance and cure under the general maritime law. The former is based exclusively on tort, while the latter is contractual, and arises out of the contract of employment independent of any consideration of negligence or culpability. The Osceola, 189 U.S. 158, 172, 23 S.Ct. 483, 47 L.Ed. 760; Cortes v. Baltimore Insular Lines, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L. Ed. 220. There is also authority for the libellant's contention that it is impossible for the right to maintenance to be combined with the right to damages, and that future maintenance cannot be liquidated in a lump sum award. Calmar S. S. Co. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993. Although some cases seem to hold that in a suit for damages under the Jones Act, all elements of loss for which recovery may be had are included in the award of damages (Owens v. Hammond, D.C., 8 F. Supp. 392; Haugen v. Oceanic Fisheries Co., D.C., 21 F.Supp. 572), this principle is not supported by the weight of authority. Where two suits are brought, one for damage and the other for maintenance, the award in the suit for damages does not preclude a recovery for maintenance unless it can be definitely shown that the damage award actually included items of maintenance. The controlling question is whether or not the items of damage in the two separate suits were in fact duplicated. If items of maintenance and cure were not included in the verdict of the jury in the damage suit, then a separate recovery might be had, the amount of which is a question of fact for the Court. Smith v. Lykes Bros.-Ripley S. S. Co., 5 Cir., 105 F.2d 604, 605.

Respondents' contention that the indemnity damages awarded to the libellant in the civil action included maintenance is not borne out by the record. A review of the evidence and the charge indicates that there were submitted to the jury only the matters of libellant's expenses, loss of wages, prospective loss from impaired earning power over his life expectancy, and compensation for pain and suffering.

434

It does not appear that any evidence was given regarding maintenance nor was that item covered in the Court's charge. We therefore conclude that the award in the civil suit does not render the present issue res adjudicata as to the libellant's right to maintenance and cure.

There is however, some merit to the respondents' contention that the libellant should not recover because of his neglect of the opportunity to be treated at the U. S. Public Health Service, and because of his failure to show that he had done everything a reasonable person would have done in the matter of curing his injuries, prompt and continuous treatment of which may have shortened the period of disability. The fact that the libellant continued in his usual employment for four months after the injury, was then unemployed for five months, and after that worked for another employer for ten months before seeking medical attention, is sufficient to raise some doubt as to the proximate cause of the disability discovered thereafter. The jury by its verdict has determined that the libellant was injured in the course of his employment and that he was entitled to indemnity and compensation therefor. We do not however, conceive that such verdict established conclusively that the libellant's disability after February 14, 1939, was attributable to the injury. That issue is presently before us and is to be determined from all of the evidence and circumstances bearing on the libellant's legal and equitable right to maintenance and the relationship of the disability to the prior injury. The fact that the libellant continued to work for more than a year and a half after the injury, that he was accepted by another employer as able, and that no medical attention seemed to him necessary during that time, precludes us from saying with certainty that his disability was traceable solely to the injury, and therefore was such as to impose liability for maintenance on the first employer.

■ A seaman injured while in the service of a ship is entitled to maintenance and cure, but where the disability arises after he has left the ship, there is ordinarily no right to maintenance and cure (Lombard S. S. Co. v. Anderson, 4 Cir., 134 F. 568), although it is generally held that a seaman's right to maintenance and the employer's corresponding duty extend for a reasonable time after the end of the voyage or period of employment. Meyer v. Dollar S. S. Line, D.C., 43 F.2d 525. He may, however, recover for maintenance and cure of a condition incapacitating him after discharge if it was proximately caused by treatment while in the service, but not if such proximate relation is not shown. Morris v. United States, 2 Cir., 3 F.2d 588. The ship is not an insurer and is not obligated to provide maintenance and cure beyond a reasonable period (The Pochasset, D.C., 281 F. 874), nor for an indefinite length of time or where a cure has been effected as nearly as possible in a particular case. The Bouker No. 2, 2 Cir., 241 F. 831. A chronic disorder is not a disability for the indefinite treatment of which the ship is bound. The Ella S. Thayer, D.C., 40 F. 902.

■■ We are of the opinion that the libellant's proof is insufficient to establish that the disability suffered subsequent to February 14, 1939, was due solely to the injury sustained in the respondents' service; his failure to accept the full benefit of medical service throughout the periods of his successive employment, and the passage of more than a reasonable time after his employment by the respondents ended before claiming maintenance, require and justify the discharge of the respondents from liability for the maintenance claimed. After a tender and refusal of proper maintenance and cure, a seaman can no longer hold his employer therefor (Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551; Stewart v. United States, 5 Cir., 25 F.2d 869), especially where he leaves the vessel for employment elsewhere. The Ball Bros., D.C., 35 F.2d 261. Although the libellant in this case did not wholly decline the services tendered, his conduct subsequent to the injury and after leaving the services of his employer were such that the respondents have been relieved of any further duty to indemnify the libellant for maintenance and cure and judgment may be entered for the respondents.