MURPHY v. AMERICAN BARGE LINE CO.
No. 103.

District Court, W. D. Pennsylvania.
Dec. 24, 1947.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Lucian R. Ray, of Leckie, McCreary, Schlitz & Hinslea, all of Cleveland, Ohio, and Harold Harper, of Alter, Wright & Barron, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action for recovery of maintenance and cure. The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. Libellant, Otto J. Murphy, is a citizen and resident of Henderson, West Virginia.

2. Respondent, American Barge Line Company, is a corporation and has an office for the transaction of business in the City of Pittsburgh, Pennsylvania, and is engaged in the business of transporting freight on the Ohio River and is within the jurisdiction of this Court.

3. This Court has jurisdiction over the parties and subject matter of this suit under and by virtue of its general admiralty jurisdiction in maritime actions under the Constitution and Laws of the United States.

4. This action is a libel in a cause of action, civil and maritime, being for maintenance and cure claimed by libellant as being due him from respondent.

5. Libellant on December 1, 1946, and for sometime prior thereto, was employed by respondent as a seaman in the capacity of deckhand on the Motor Vessel "Duncan Bruce" which was owned and operated by respondent in navigation on the Ohio River, which is a navigable water of the United States and libellant was a member of the crew of said vessel.

. 6. On the night of December 1, 1946, libellant was engaged in the performance of his work and duties abroad the said vessel while the same was in navigation on the Ohio River proceeding downstream at a point near Baden, Pennsylvania, with its tow. While libellant was carrying a ratchet on his shoulder and was proceeding from the vessel to the barge immediately attached thereto, he slipped and fell on the icy surface of said barge and fell injuring the lower part of his back.

7. Libellant, by reason of the aforesaid injury, was disabled from performing gainful work and has continued to be disabled and has not been gainfully employed from December 4, 1946, the day he left the vessel up to the time of the hearing, in this case, December 16, 1947, except for 3 days of casual work at odd jobs. His need to maintenance and cure continued during said time.

8. The parties stipulated that $3.50 per day is a fair and reasonable amount for libellant's maintenance and cure if right to recover exists.

9. December 4, 1946, the Captain of the "Duncan Bruce" gave libellant a hospital ticket to the Marine Hospital at Gallipolis, Ohio prior to his leaving the vessel. Libellant reported to the Marine Hospital station at Gallipolis, Ohio, December 5, 1946. Doctor Brown, the doctor in charge, was out of town. Consequently libellant reported back December 14, 1946. On that date Doctor Brown examined him and found that libellant had a serious injury to his back. He returned again and received treatment from Doctor Brown December 23, 1946. On January 3, 1947 libellant returned and was told that Doctor Brown had done all that he could for him and that he advised him to go to the Marine Hospital at Pittsburgh, Pennsylvania. He gave him a note so that he could be admitted there. On January 18, 1947, libellant again returned to Doctor Brown at the Gallipolis Hospital and stated that by reason of pain he could not stand the trip to Pittsburgh. He was advised again to go to the Pittsburgh hos-

pital even though he was suffering much pain. The distance from libellant's home to Pittsburgh is over 200 miles.

11. Libellant believed he could not make the trip by reason of the pain he was undergoing. Doctor Brown, although being of the opinion that he should go, did not testify that it would not damage libellant if he made the trip. Why the libellant was not hospitalized at Gallipolis does not appear.

12. If libellant subsequently was able to accept respondent's offer of hospitalization, there was no evidence that it would have been of benefit to him then.

13. Libellant did not reject respondent's offer of hospitalization.

### Conclusions of Law.

1. Libellant was injured while in the service of respondent and on a vessel owned and operated by it and while he was employed thereon as a seaman and member of the crew.

2. Libellant is entitled to maintenance and cure at the rate of $3.50 per day from December 4, 1946, to the date of trial December 16, 1947, less 3 days of occasional work performed by him, also costs.

3. Under the facts as found libellant is not estopped to recover maintenance and cure by reason of not using the offer of hospitalization proferred to him by the medical officer in charge of the U. S. Public Health Service Relief Association at Gallipolis, Ohio.

### Opinion.

This is an action in Admiralty under the Admiralty and Maritime laws of the United States.

Otto J. Murphy, the libellant, was a seaman in December, 1946, on the "Duncan Bruce" motor vessel operated on the Ohio River by the respondent, The American Barge Line Company. On December 1, 1946, while performing his duties as a deckhand, he slipped and fell on ice on one of the barges towed by the "Duncan Bruce." He was injured in his back and as a result thereof has not been able to work since that time with the exception of a few days.

The principal contention of respondent against libellant's claim for maintenance and cure is, that he did not accept the hospitilization offered to him by respondent. In Jones v. Waterman S.S. Corporation, 3 Cir., 155 F.2d 992, 995, the Court in an opinion by Biggs, C. J., stated:

"If a seaman falls sick or is injured and must be removed or is kept from his vessel he is entitled to maintenance and cure as well as to his wages. Smith v. Lykes Brothers-Ripley S.S. Co., 5 Cir., 105 F.2d 604, 605. Wages, even if they include 'keep', must be restricted to the term of employment as specified by the shipping articles while the duty to provide maintenance and cure lasts as long as the seaman's need continues. Calmar Steamship Corporation v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535."

In Moyle v. National Petroleum Transport Corporation, 2 Cir., 150 F.2d 840, 842, the Court in an opinion by August N. Hand, C. J., stated:

"The appellant does not seem seriously to question the plaintiff's right to recover for maintenance and cure during the periods while he was at home and unemployed which were prior to the time that he was discharged from the Marine Hospital at his own request on his second visit there in April, 1937. But it contends that his action in obtaining a discharge at his own request precluded recovery for any additional period. There is, however, no evidence that further hospital treatment would have benefited the plaintiff at that particular time. * * *"

The judgment of the District Court for maintenance and cure was affirmed.

Libellant did not refuse the hospitalization tendered him. He went to the Marine Hospital at Gallipolis, Ohio (for which he was given a ticket), the following day. He received treatment at this hospital different times until January 18, 1947. He did not go to the hospital at Pittsburgh, over 200 miles away, as he was advised by Doctor Brown at the Gallipolis Hospital, for the reason that he

was suffering so much pain that he felt that he could not make the trip. There was no evidence that the trip would not have damaged him. If libellant was subsequently able to go to the Pittsburgh hospital there was no evidence that hospital service at such a time would have been of benefit to him.

I conclude that libellant is entitled to recover maintenance and cure from the respondent and further that he is not estopped by the offer of hospitalization under the facts as aforestated.

Let an order for judgment be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this Opinion.