## PFEIL et al. v. UNITED STATES.

(District Court, E. D. New York. January 17, 1923. On Reargument, February 14, 1923.)

**1. Admiralty ⬤⟹32—Jurisdiction in rem under special statute not acquired, unless vessel libeled within district.**

While in a libel in rem, in which the court acquires jurisdiction by service of process on the vessel involved, allegations that the vessel is, or during the currency of process will be, within the jurisdiction of the court, are permissible, jurisdiction is not acquired, under special statute not contemplating the arrest of the vessel, where service is made on the United States district attorney, unless the vessel is within the district.

**2. Admiralty ⬤⟹65—Practice of filing exceptive allegations consented to by failure to object.**

In the absence of objections to the practice of filing exceptive allegations, it will be assumed that both parties agree that such practice is proper.

**3. Admiralty ⬤⟹65—Proof of exceptive allegations required.**

A libel for salvage against a government-owned vessel should not be dismissed on exceptive allegations that such vessel was not found within the district on date libel was filed, and that it was not then employed as a merchant vessel, and that libelants had been paid in full for all claims, without proof of such allegation.

In Admiralty. Libel by John E. Pfeil and others, master and crew of the steamship West Segovia, against the United States, for salvage claimed against the steamship Wampum. Motion to dismiss exceptions and exceptive allegations denied, and reference ordered.

George Pfeil, of New York City, for libelants.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., appearing specially, and John Kennedy White, of Buffalo, N. Y., and John Raymond Stewart, of Watervliet, N. Y., Sp. Asst. U. S. Attys.

GARVIN, District Judge. This is a motion to dismiss exceptions and exceptive allegations to the libel filed herein. On November 8, 1922, the libel was filed, seeking to recover for salvage by reason of services performed by the libelants in connection with the steamship Wampum, which was taken in tow by the steamship West Segovia on November 20, 1920, en route from Dansig to the port of New York. The libelants are the master and members of the crew of the West Segovia. The United States is the owner of both vessels.

The first exception to the libel is based upon its failure to set forth that the steamship Wampum, at the time the libel herein was filed, was found within the jurisdiction of the Eastern district of New York. The exceptive allegations are three in number. (1) That the Wampum was not found within the jurisdiction of the Eastern district of New York on the date on which the libel was filed. (2) That the steamship in question, at the time the libel was filed, was not employed as a merchant vessel, having been withdrawn therefrom on January 18, 1921. (3) Before the libel was filed the libelants, together with other members of the crew of the steamship West Segovia, were paid in full and

executed releases for the services rendered by them to the steamship Wampum.

[1] With respect to the exceptions the libel alleges that the vessel is, or during the currency of process will be, within the jurisdiction of the court. While this allegation in the alternative is quite permissible in an ordinary action in rem, in which the court acquires jurisdiction by the service of process upon the vessel involved, the present action is brought under a special statute, in which no arrest of the vessel is contemplated, but jurisdiction is acquired by service of a copy of the libel on the United States attorney for the district in which the action is brought and on the Attorney General of the United States. The vessel must be within the district when the libel is filed. The law appears to be settled by the case of Cunard Steamship Line v. United States, 285 Fed. 516, decided by the Circuit Court of Appeals, November 24, 1922.

[2] No objection was made upon the argument to the practice involved in exceptive allegations, and I shall assume, therefore, that both parties agree that such practice is proper. The first exceptive allegation is to the same effect as the exception discussed above, but the respondent insists that, inasmuch as it is a fact that the Wampum was not within the Eastern district of New York on the date upon which the libel was filed, it would be improper to allow libelant to amend, and set up, upon information and belief, the presence of the vessel, when in truth and in fact such statement would be false. The second exceptive allegation has to do with respondent's assertion that the Wampum was not in the merchant service on November 8, 1922, and the third exceptive allegation is based upon respondent's contention that there has been a complete accord and satisfaction.

[3] The court is of the opinion that the libel should not be dismissed upon these assertions by the respondent, but, if they are true, that respondent should not be required to wait until the action is reached upon the calendar, which may not be for a long time, before having it dismissed. The court will therefore appoint a commissioner to take proof under the exceptive allegations and report to the court with respect thereto. Mildred L. Huser is appointed a commissioner accordingly.

### On Reargument.

This is a reargument of a motion to dismiss exceptions and exceptive allegations to the libel filed herein. These exceptions and exceptive allegations appear in the opinion of this court filed January 17, 1923.

In view of the fact that the libel states specifically that the libelants elect to have this libel proceed in accordance with the principles of libels in rem, and that the appearance of the government is a special appearance, I doubt the court's authority to allow an amendment by which the libel shall become an action in personam, as libelant now requests.

After hearing reargument, the court is of the opinion that the decision heretofore announced should stand.