## ATLANTIC FRUIT COMPANY v. UNITED STATES.

### THE COOSA.

(District Court, S. D. New York. August 15, 1923.)

**1. Admiralty ⬢�top32—Vessel must be in district for proceeding in rem against United States.**

Court has no jurisdiction over the United States by a proceeding in rem, or one in personam as a substitute therefor under Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), the vessel not being in the district.

**2. Admiralty ⬢⟹66 — Amendment of libel against the United States, to make it one in personam, not allowed.**

Libel against United States, stating that libelants have elected to proceed in accordance with the principles of libels in rem, and the appearance of the government being special, libelant cannot be allowed an amendment to change the action to one in personam.

**3. Admiralty ⬢⟹65—Filing of special pleas to jurisdiction and in bar, and framing issues thereunder, proper practice.**

Filing of special pleas to jurisdiction and in bar, and framing issues arising thereunder, *held* proper practice.

In Admiralty. Libel by the Atlantic Fruit Company against the United States, owner of the Coosa. On motion by both parties. Libelant's motion to amend denied; respondent's motion to allow filing of exceptions and special pleas, etc., granted.

Hunt, Hill & Betts, of New York City, for libelant.

William Hayward, U. S. Atty., and Kirlin, Woolsey, Campbell, Hickox & Keating,

all of New York City (Ellis P. Collins, of Utica, N. Y., and John M. Woolsey, of New York City, of counsel), for the United States, appearing specially for the purpose of objecting to the jurisdiction of this court and for no other purpose.

WINSLOW, District Judge. This libel, filed May 11, 1922, is against the United States in rem. The libelant is a Delaware corporation having its principal place of business in the borough of Manhattan, New York City, and alleges that the government is the owner, through the United States Shipping Board, of the steamship Coosa; that on May 1, 1920, the libelant chartered the Coosa, belonging to the respondent, by a charter party in writing with the agents for said vessel, by which charter party the vessel was to carry a cargo of sugar from Santiago to New York; that the ship was loaded on or about May 30, 1920, and thereafter arrived at New York and made a short delivery of the cargo, whereby the libelant was damaged, after crediting certain offsets, in the sum of $7,454.31. Recovery of the sum is sought, and libelant elects to have the suit proceed in accordance with the principles applicable to libels in rem pursuant to the Suits in Admiralty Act.

On August 16, 1922, exceptions were filed by the government, which appeared specially for the purpose of objecting to the jurisdiction of the court. These exceptions were not brought on for hearing, it being stated that libelant's reasons for not bringing such exceptions on was that it was awaiting a decision of the Supreme Court involving an interpretation of the act.

Nothing further was done until this motion was brought on, on an order to show cause, on May 11th. On this motion the respondent, appearing specially, moves for an order allowing the filing of an exception, special plea to the jurisdiction, and special plea in bar in this action, and providing for the framing of issues on the plea to jurisdiction and the plea in bar as so filed, and for a stay. No answer has been filed. On the return of the motion, the libelant moved to amend the libel, so as to change the form of the action from one in rem to one in personam, and that libelant be permitted to proceed upon such amended libel.

The respondent's exceptions are directed to the alleged lack of jurisdiction, on the grounds (1) that the libel is defective for failure to allege that the steamship was found within the district at the time the libel was filed; (2) that it does not allege that the steamship was employed by the United States as a merchant vessel at the time of filing the libel.

The affidavit of the respondent indicates that these omissions in the libel are not mere matters of form, but that the Coosa, at the time of filing the libel, was one of the vessels composing the laid-up fleet of the Shipping Board and was lying at Philadelphia outside this district, and that the vessel, since the 5th day of June, 1921, has carried no crew nor cargo, and has not been and is not now in service, and will be for an indefinite period laid up and withdrawn from merchant or other service and out of use.

The respondent makes application for an order allowing the filing, not alone of such exceptions, but also of a special plea in bar and to the jurisdiction, setting up the facts as stated, and for framing issues on the jurisdictional facts, in accordance with the procedure followed by this court in a number of cases styled U. S. Grain Corporation v. United States (United States v. City of New York), 8 F.(2d) 270.

[1] It is apparent that this court has no jurisdiction over the respondent by a proceeding in rem under the Suits in Admiralty Act; the vessel not being found within the district. Cunard S. S. Co. v. U. S., The Isonomia (C. C. A. 2d Cir.; Nov. 24, 1923) 1923 A. M. C. 132, 285 F. 516, and other cases.

The questions to which the court's attention is particularly directed are the question of the right to amend and the question of separating the issues involved. It is urged by the libelant that certain unimportant changes in several of the allegations, substituting the word "respondent" in place of the word "vessel," and a change in the prayer for relief, should be permitted.

It would seem that section 2 of the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, § 1251¼a), relating to actions in personam against the United States, permits such a relief to be used only as and when the same might be asked against a private respondent as a part of or in conjunction with a suit in rem, of which the court has jurisdiction. In other words, the same principles of law and practice are intended to apply in authorized suits against the United States as against private owners.

The act substituted an action in personam where an action in rem would lie. Banque Russo-Asiatique-London v. U. S. Shipping Board (D. C.) 266 F. 897; The Cape Fear, W. R. Grace & Co. v. U. S. (D. C.) A. M.

C. May 15, 1923, p. 528, 8 F.(2d) 80; Puget Sound Stevedoring Co. v. U. S. (D. C.) 287 F. 751. A suit in personam against the United States, as a substitute for a libel in rem, would not lie when the government vessel whose fault is alleged is not within the jurisdiction. Blamberg v. U. S., A. M. C. May 15, 1923, page 50, 260 U. S. 452, 43 Sup. Ct. 179, 67 L. Ed. 346; Mack Engr. & Supply Co. v. U. S. (D. C.) 1923 A. M. C. 197, 291 F. 713; Pfeil v. U. S. (D. C.) 287 F. 265.

[2] In view of the fact that the libel specifically states that the libelants have elected to proceed in accordance with the principles of libels in rem and that the appearance of the government is a special appearance, the court is of the opinion that it has no authority in this case to allow an amendment by which the libel shall become an action in personam.

[3] As to the filing of special pleas to the jurisdiction and in bar, and the framing of issues arising thereunder, the court believes that this practice, which has been followed in this district, is the proper one.

The motion allowing the filing of the proposed exceptions and special pleas, and providing for the framing of issues on such exceptions and special pleas, will be granted, and the motion to amend will be denied. If the libelant desires to contest any questions of law raised, or any of the facts set forth in the exceptions, the libelant will be required, within 20 days from the filing thereof, to except or demur, or file a traverse thereof, or otherwise plead.

Order may be settled on notice.