## JUNE v. PAN–AMERICAN PETROLEUM & TRANSPORT CO.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1928.

No. 5190.

1. Seamen ⬌11(1)—By tendering hospital certificate to seaman bruising heel aboard ship, when seaman left ship, master performed vessel's obligation regarding cure.

Where seaman suffered severe bruise to his heel when he fell out of berth, master, in tendering marine hospital certificate which would have secured seaman best of care and medical attention, when seaman was leaving ship, complied with any obligation vessel had as to cure.

2. Seamen ⬌11(9)—Seaman injuring heel when falling out of berth held not to have made out case warranting recovery of damages for loss of wages.

Seaman, who fell out of berth and injured his heel, and who declined to go to hospital, but stood his watches and made another round trip, performing full duty, held to have failed to make out case warranting recovery of damages or for loss of wages, and to have received all of maintenance and cure to which he was entitled.

25 F.(2d)—29½

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Libel by Leonard June against the Pan-American Petroleum & Transport Company. From the decree, libelant appeals. Affirmed.

Samuel J. Tennant, Jr., of New Orleans, La., for appellant.

George H. Terriberry, H. F. Stiles, Jr., and Jos. M. Rault, all of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a libel by a seaman to recover damages alleged to have been caused by the unseaworthiness of the vessel on which he was employed, in that his bunk was not fitted with a side piece, because of which he fell out of it and injured his foot. He claims loss of wages at $140 per month for three months, an amount of $125 paid for medical attention, and $1,500 as compensatory damages. In the alternative, he claims maintenance and cure.

[1, 2] It is conclusively shown that appellant is a seaman of 15 years' experience, holding a license as chief mate of oceans, and was employed on the steamship Mexoil, owned by appellee, as third mate. The vessel, a tanker, took on a load of oil at Destrehan, a few miles above New Orleans, and appellant boarded her from a small boat when she was opposite New Orleans on her way to sea. He did not stand his first watch after boarding the ship, but did stand the next watch. After going off watch he retired, and about 3:30 a. m. on the morning of April 24, 1926, he fell out of his berth and injured his heel. The sea was somewhat painful at first but not serious. No bones were broken, and he suffered only a severe bruise to his heel. The vessel reached Miami the day after the accident, and he did not request medical treatment. The captain offered to send him to a hospital, but he declined to go. On the return voyage to New Orleans, he stood his watches and made another round trip from New Orleans to Miami on the Mexoil, performing full duty. He left the Mexoil at New Orleans on May 6th or 7th. After staying 4 or 5 days on shore and consulting a doctor, he made two other voyages, one of 29 days and one of 24 days, and was able to perform his duties.

Appellee defended on the ground that appellant was drunk when he came aboard the

vessel, and that he fell out of his berth because of his intoxicated condition. Appellant admits that he had been drinking while in New Orleans awaiting his ship, but testifies he had not had a drink for two or three hours before going on board, which testimony, however, is evasive and not satisfactory. It is hardly possible that an experienced seaman would fall out of his berth when the sea was calm, if his condition were perfectly normal, whether the bunk was equipped with a side board or not, and this fact tends strongly to corroborate the testimony that he was in fact intoxicated. The evidence on behalf of appellee also shows with reasonable certainty that the berths on the ship were equipped with the usual side boards, about 9 inches high, and that the equipment in that respect was the same or better than on other vessels of the same class. With regard to the claim for maintenance and cure, it is reasonably certain that appellant did not request any further treatment than he received while on the vessel, and, of course, he received his maintenance and his wages for that period. When he left the ship at New Orleans, the captain offered him a marine hospital certificate which would have secured him the best of care and medical attention. In tendering the certificate, the master complied with any obligation the vessel had as to cure, and there is no doubt that appellant declined it.

We agree with the District Court that appellant has failed to make out a case warranting a recovery of damages or for loss of wages, and that he received all of the maintenance and cure to which he was entitled under the circumstances.

Affirmed.