61 F.2d 194 (1932)
THE CULBERSON.
WOOTTON
v.
UNITED STATES.
No. 4795.
Circuit Court of Appeals, Third Circuit.
August 25, 1932.
*195 Mortimer W. H. Cox, of Philadelphia, Pa., for appellant.
Phillip Forman, U. S. Atty., of Trenton, N. J., and Charles E. Wythe, Sp. Asst. U. S. Atty., of New York City.
Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.
DAVIS, Circuit Judge.
This is an appeal from a decree of the District Court allowing the libelant an award of $3,167 and costs.
The suit is in admiralty and arose out of a collision between the steamship Culberson, a merchant vessel owned by the United States, and the United States Coast Guard Patrol Boat No. 113, on July 20, 1928, in the Delaware Bay in the vicinity of the Overfalls Light Vessel. John F. Haines, a member of the crew of the Coast Guard Patrol Boat No. 113, which sank immediately after the collision, and another, lost their lives in consequence of the collision.
Haines' mother, the libelant, filed a claim in personam against the United States as owner of the steamship Culberson under the "Death on the High Seas Act" of March 30, 1920 (41 Stat. 537 [46 USCA §§ 761-768]), which provides as follows:
Section 1. That "whenever the death of a person shall be caused by a wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."
Section 2. That "the recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought." 46 USCA §§ 761, 762.
Mrs. Wootton claims "fair and just compensation for the pecuniary loss which she sustained" in the death of her son through the negligence of the Culberson. She was 52 and her son was 32 years old. He made his home with his mother when not on duty in the Coast Guard. Mrs. Wootton received $25 to $30 a month from him, and she lost this amount by his death. The learned district judge awarded her $2,400 damages and actual funeral expenses of $767 and costs of $187.95, all aggregating $3,354.95.
The libelant has appealed for the reason that the damages awarded are inadequate. The amount of damages is the only question before us, for there is no serious contention that the libelant is not entitled to an award. The government says: "Taking the average contribution in this case at $27.50 per month, or $330.00 per year, according to the inheritance tax annuity tables, its present value for an expectancy of 16 years is $3,239.09  only about $72 more than the amount of the final decree in this case."
This seems to us tantamount to an admission that the libelant is entitled to that amount plus costs of $187.95 in the District Court.
In addition to the award of damages, the District Court allowed actual funeral expenses of $767. This, though allowed in form as funeral expenses, was probably intended as part of the award to bring it up to the "fair and just compensation for the pecuniary loss sustained" by Mrs. Wootton, for recovery under this act is limited to the fair and just compensation for the pecuniary loss sustained, and funeral expenses are not such a loss. Liability for funeral expenses rests upon the decedent's estate and so cannot be recovered under this act. Philadelphia & Reading Railway Co. v. Marland (C. C. A.) *196 239 F. 1; Delaware, Lackawanna & Western R. Co. v. Hughes (C. C. A.) 240 F. 941; Saucer v. Willys-Overland, Inc. (D. C.) 49 F.(2d) 385.
The libelant is accordingly allowed an award of $3,239.08 damages plus taxed costs in the District Court and in this court. Funeral expenses are disallowed.
The decree, as thus modified, is affirmed.