## LOPEZ v. UNITED STATES.

District Court, S. D. New York.

Oct. 10, 1944.

832

Golenbock & Komoroff, of New York City, for libelant.

James B. M. McNally, U. S. Atty., of New York City, and Howard F. Fanning, Sp. Asst. to U. S. Atty., of Boston, Mass., for defendant.

COXE, District Judge.

These are exceptions by the libelant to two paragraphs in the respondent's answer.

The libel alleges only that the libelant was employed on "a certain vessel called S. S. Seminole," operated by the respondent. There is no allegation in the libel that the vessel is a merchant vessel of the United States. The first paragraph of the answer to which exception has been taken alleges that the vessel was a public vessel, and, more specifically, alleges that it was an Army Hospital Ship. Suit against the United States under Suits in Admiralty Act can be brought only where the vessel is a merchant vessel, 46 U.S.C.A. § 742. It was, therefore, proper for the respondent to allege specifically that the vessel was a public vessel.

The libel alleges that the libelant is an employee of the respondent. In the second paragraph to which exception was taken, respondent alleges more particularly that the libelant was an employee of the United States Army Transportation Corps. If the government substantiates its first allegation, then this paragraph is proper to show that libelant is relegated to his rights under the United States Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. There is no allegation in the libel that the libelant was employed by "the United States through the War Shipping Administration", and hence he has no cause of action against the United States under Public Law 17, 78th Congress, 50 U.S.C.A. Appendix, § 1291, his only other remedy against the government.

The libelant's exceptions to the answer are overruled.