## UNITED STATES v. LOYOLA.
### No. 11240.

Circuit Court of Appeals, Ninth Circuit.
April 10, 1947.

Frank J. Hennessy, U.S.Atty., and William E. Licking, Asst.U.S.Atty., both of

San Francisco, Cal., and Leavenworth Colby, Atty., Dept. of Justice, of Washington, D.C., for appellant.

Gladstein, Andersen, Resner & Sawyer and Herbert Resner, all of San Francisco, Cal., for appellee.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

The United States appeals from a decree in admiralty awarding appellee damages caused by its failure to perform its contract to furnish maintenance and cure to appellee for his pulmonary tuberculosis, of which he became ill while a civil employee as room steward on a voyage from San Francisco to New Guinea on appellant's army transport ETOLIN.

It is not questioned that if the contract [1] for maintenance and cure had not been performed by a private employer, both the employer in personam and the vessel would have been liable. The appellant contends that it, as sovereign, has not given any court the jurisdiction to entertain such a suit against it.

Appellee filed his libel in personam for $10,000 in the United States District Court, claiming his right to sue under the Tucker Act, the pertinent portions of which are stated in 28 U.S.C.A. § 41 (20), and which provides that district courts of the United States have jurisdiction "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded * * * upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable * * *."

Appellant has not raised the question whether the Tucker Act warrants jurisdiction in admiralty. We need not consider this because we think the United States to be so suable in admiralty and the jurisdiction exists under the Public Vessels Act of 1925, 46 U.S.C.A. § 781, providing "A libel in personam in admiralty may be

---

[1] Aguilar v. Standard Oil Co., 318 U. S. 724, 730, 63 S.Ct. 930, 87 L.Ed. 1107.

brought against the United States or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided That the cause of action arose after the 6th day of April, 1920."

In Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901, it was held that the "damages" provided for in the Act included those arising from a failure of the government's officers in charge of the Y-P 29, a public vessel of the United States, to discharge their obligation safely to guide the steamship Cavalier, the latter having been ordered by the government to follow the former's guidance. Though the case was cast in tort, it was the breach of the officers' obligation which gave rise to the recoverable damages.

In the recent Supreme Court case of American Stevedores v. Porello and the United States, 67 S.Ct. 847, 851, for which case this court has withheld its decision in the instant appeal, the word "damages" in the Public Vessels Act was construed to mean what is recoverable for an injury, as distinguished from the singular word "damage" to the person or thing creating the right to recover. In that case, in holding the United States liable for an injury to a stevedore through acts of the employees of a public vessel, the Court accepted the statement of the Attorney General as to the coverage of the proposed bill for the Public Vessels Act that "The proposed bill intends to give the same relief against the Government for damages * * * caused by its public vessels * * * as is now given against the United States in the operation of its merchant vessels, as provided by the Suits in Admiralty Act of March 9, 1920."

■ Under the Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq., we have held that "the United States in the operation of its merchant vessels" is liable for the relief of a seaman for his maintenance and cure. McInnis v. United States, 9 Cir., 152 F.2d 387. In reaching the conclusion that the sovereign has here yielded its immunity for suit, we follow the decision of the Canadian Aviator case 324 U.S. 215, 65 S.Ct. 643 that the broad language of the Public Vessels Act "was deliberate and is not to be thwarted by an unduly restrictive interpretation." Our interpretation is also supported by the long established rule that legislation affecting a seaman's injuries and maintenance and cure is to be construed liberally in the seaman's favor. Jamison v. Encarnacion, 281 U.S. 635, 640, 50 S.Ct. 440, 74 L.Ed. 1082; Aguilar v. Standard Oil Co., 318 U.S. 724, 729, 63 S.Ct. 930, 87 L. Ed. 1107; Cortes v. Baltimore Insular Line, 287 U.S. 367, 375, 53 S.Ct. 173, 87 L.Ed. 368.

■ On the merits appellant contends that it fully performed its shipowner's contract to provide maintenance and cure by giving appellee a certificate of admission to the Marine Hospital at San Francisco. The marine hospital service is available to all shipowners and treats all seamen whom the owner certifies to it for their care and cure of the owner's contract. The marine hospitals accept tuberculosis patients. For that at San Francisco, if such treatment is appropriate, they may be transferred to the marine hospital for tubercular patients at Fort Stanton, New Mexico, where the climatic and other conditions for the treatment of that disease far exceed those available elsewhere. 42 C.F.R. 2.72, 2.73.

Instead of seeking his care and cure at the Maine Hospital appellee sought treatment by a Chinese herb doctor and later by a San Francisco physician, who sent him to that physician's tubercular hospital near Belmont on San Francisco Bay. Appellee while there threw away his certificate to the Marine Hospital.

In Marshall v. International Mercantile Marine Co., 39 F.2d 551, 553, the Second Circuit held that a stewardess who refused hospital treatment offered by the shipowner could not recover for her maintenance and cure. It followed its statement of the law to that effect in The Bouker No. 2, 2 Cir., 241 F. 831, 835. Citing these cases the Supreme Court in Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 654, 82 L.Ed. 993, states " * * * Moreover, courts take cognizance of the marine hospital service where seamen may be treated at

minimum expense, in some cases without expense, and they limit recovery to the expense of such maintenance and cure as is not at the disposal of the seaman through recourse to that service. * * *"

In this circuit we recently relied upon the Calmar case in stating the law to be "While it is true that a seaman cannot obtain an award for maintenance and cure where he has declined proffered medical treatment calculated to improve his condition, nevertheless, if an injured seaman has made a bona fide attempt to avail himself of the tendered medical treatment and under the circumstances of the case has been required to obtain appropriate treatment elsewhere he may recover from the owners of the vessel expense of maintenance and cure that was not at his disposal and seasonably obtainable through recourse to the proffered facilities." Van Camp Sea Food Co. v. Nordyke, 140 F.2d 902, 906, 907. Cf. June v. Pan American Petroleum & Transport Co., 5 Cir., 25 F.2d 457, 458; The W. H. Hoodless, D.C. E.D. Pa., 38 F.Supp. 432, 433.

Appellee claims that he went to the army transport service but that they did not tell him where to go and he would have us assume that this place to which he desired direction was the Marine Hospital. The record shows that the time of this inquiry was after he was discharged from the Belmont hospital and was seeking "compensation" for his then existing liabilities to the herb doctor and the Belmont hospital physician.

No excuse was given for not reporting to the Marine Hospital. Appellee says he was in need of immediate treatment, but that was as available in that hospital in San Francisco as was the herb doctor or in Belmont. We think the appellee has not maintained his burden of proof that appellant has not performed its contract to provide maintenance and cure.

The decree is reversed with instructions to enter one that the libelant take nothing by his libel. The parties shall bear their respective costs on appeal. Cf. United States v. Jardine, 5 Cir., 81 F.2d 747.

Reversed.