### JENTRY v. UNITED STATES.

#### No. 5816.

District Court, S. D. California, Central Division.

Oct. 14, 1947.

David A. Fall, of San Pedro, Cal., for libelant.

James M. Carter, U. S. Atty., and Robert E. Wright, Asst. U. S. Atty., both of Los Angeles, Cal. (Leavenworth Colby, of Washington, D. C., Atty., Admiralty & Shipping Section, Department of Justice, of counsel), for respondent.

MATHES, District Judge.

Libelant, formerly "an employee of the United States of America by and through the Army Transport Service", filed this libel in personam against the United States for allegedly unpaid wages and bonus.

The libel avers that libelant served as able-bodied seaman aboard various army transports and tugs from April 6, 1944 until March 30, 1945 pursuant to a written contract of employment with the Army Transport Service providing for certain base pay plus war bonuses; that certain overtime, together with area war bonus of $5 per day for all service in the Pacific Ocean west of the 180th Meridian, accrued to libelant under the contract and remains unpaid.

Consent to invoke the admiralty jurisdiction of this court to enforce his claim against the Government is found, libelant asserts, in the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The Government has filed exceptions urging that the libel fails to allege facts sufficient to show the

jurisdiction of this court over the person of respondent in this cause. [Cf. United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros., 1927, 276 U.S. 202, 214, 48 S.Ct. 256, 72 L.Ed. 531.] Attached to these exceptions are exceptive allegations to the effect that the sovereign has never consented to be sued on a claim arising under the circumstances said to be involved here.

■ The United States of America, as sovereign, consents to be sued when the nature of the claim and the circumstances of suit are such as fall within the provisions of the Tucker Act of March 3, 1887, 28 U.S.C.A. § 41(20); or the Suits in Admiralty Act of March 9, 1920, 46 U.S.C.A. § 741 et seq.; or the Public Vessels Act of March 3, 1925, 46 U.S.C.A. § 781 et seq.; or the War Shipping Administration (Clarification) Act of March 24, 1943, frequently referrred to as Public Law 17, 50 U.S.C.A. Appendix, § 1291; or the Federal Tort Claims Act of August 2, 1946, 28 U.S.C.A. § 921 et seq.—and not otherwise. [Reid v. United States, 1909, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L. Ed. 313.]

■ Libelant's claim is clearly not within the scope of the Federal Tort Claims Act. It is of the character dealt with in the Tucker Act, but in that Act Congress has expressly withheld consent to sue the Government in this court on claims for fees, salary and compensation of "officers of the United States". 28 U.S.C.A. § 41(20). This exception is applied to every grade of employee of the Federal Government; hence to libelant as "an employee of the United States of America by and through the Army Transport Service." [United States v. Hartwell, 73 U.S. 385, 393, 6 Wall. 385, 393, 18 L.Ed. 830; Kennedy v. United States, 5 Cir., 1944, 146 F. 2d 26, 28; Oswald v. United States, 9 Cir., 1938, 96 F.2d 10, 13.]

■ The exceptive allegations represent that during the period of libelant's employment the Government vessels mentioned in the libel were operated "by the Army Transport Service, Transportation Corps, United States Army, an agency of the War Department * * * and * * * employed exclusively as public vessels of the United States and not as merchant vessels nor in any commercial operations." In the absence of objection by libelant, I shall assume these to be facts which should be judicially noticed. [Pfeil et al. v. United States, D.C.E.D.N.Y.1923, 287 F. 265; The Seminole, D.C.E.D.N.Y.1890, 42 F. 924; cf. The Rosalia, 2 Cir., 1920, 264 F. 285, 289.]

■ If the ships on which libelant served were not then being employed as merchant vessels [46 U.S.C.A. § 742], the Suits in Admiralty Act cannot be the source of consent to sue the sovereign in this action. [Shewan & Sons v. United States, 1924, 266 U.S. 108, 111, 45 S.Ct. 45, 69 L.Ed. 192; The Western Maid (United States v. Thompson), 1922, 257 U. S. 419, 431, 432, 42 S.Ct. 159, 66 L.Ed. 299; Bradey v. United States, 2 Cir., 1945, 151 F.2d 742, certiorari denied 1946, 326 U.S. 795, 66 S.Ct. 484, 90 L.Ed. 483.]

■ And since the so-called Clarification Act of 1943 is applicable only to "employees of the United States through the War Shipping Administration" [50 U.S.C. A.Appendix, § 1291], consent to sue the Government on the claim at bar for services as "an employee of the United States by and through the Army Transport Service" is not granted in Public Law 17. [Lopez v. United States, D.C.S.D.N.Y.1944, 59 F.Supp. 831; cf. Fox v. Alcoa S. S. Co., 5 Cir., 1943, 143 F.2d 667, certiorari denied 1944, 323 U.S. 788, 65 S.Ct. 313, 89 L.Ed. 628.]

There remains then to consider whether the requisite consent is to be found in the Public Vessels Act, which provides that "A libel in personam in admiralty may be brought against the United States * * * for damages caused by a public vessel of the United States * * *." [46 U.S.C. A. § 781.] Respondent concedes that each of the ships of the Army Transport Service which libelant served as able-bodied seaman was a "public vessel of the United States." [Cf. Caffey v. United States, 2 Cir., 1944, 141 F.2d 69, 71, certiorari denied 323 U.S. 750, 65 S.Ct., 84, 89 L.Ed. 601, rehearing denied 1944, 323 U.S. 815, 65 S.Ct. 115, 89 L.Ed. 648.] So the inquiry becomes narrowed to the question whether

libelant's suit is "for damages caused by a public vessel" within the meaning of the Act.

In American Stevedores, Inc., v. Porello and the United States, 1947, 330 U.S. 446, 67 S.Ct. 847, 850, it was held that by the Public Vessels Act the Government has consented to be sued for personal injuries suffered by a stevedore aboard a public vessel while engaged in loading. Discussing the language of the Act, the Supreme Court said: " 'Damages,' * * * have historically been awarded both for injury to property and injury to the person—a fact too well-known to have been overlooked by the Congress in enacting this statute."

■ Historically, the award for breach of contract has also been damages. [See Ames, History of Assumpsit, (3 Selected Essays Anglo-Am.Leg.Hist. 259).] And in O. F. Nelson & Co. v. United States, 9 Cir., 1945, 149 F.2d 692, 698, 699, a libel under the Public Vessels Act for damages arising from breach of a contract of affreightment was sustained as a claim "for damages caused by a public vessel."

More recently, in United States v. Loyola, 9 Cir., 1947, 161 F.2d 126, where, as at bar, libelant was a civilian seaman employed by the United States through the Army Transport Service, the decision was. that the Government has consented to be sued under the Public Vessels Act for damages arising from breach of the shipowner's implied contractual obligation to furnish maintenance and cure.

In Canadian Aviator, Ltd., v. United States, 1945, 324 U.S. 215, 228, 65 S.Ct. 639, 646, 89 L.Ed. 901, the Supreme Court declared: "We hold that the Public Vessels Act was intended to impose on the United States the same liability * * * as is imposed by the admiralty law on the private shipowner." The law of admiralty has long imposed liability for a seaman's wages on the private shipowner. [Bronde v. Haven, D.C.E.D.Pa.1836, 4 Fed.Cas. pages 211, 212, No. 1,924; Everett v. United States, 9 Cir., 1922, 284 F. 203, certiorari denied 1923, 261 U.S. 615, 43 S.Ct. 361, 67 L.Ed. 828.]

Precedent thus lends support to the view that the claim at bar—for alleged breach of contract to pay libelant's wages—is "for damages caused by a public vessel" within the Public Vessels Act. As was said in Canadian Aviator, Ltd., v. United States, supra: "Such personification of the vessel, treating it as a juristic person whose acts and omissions, although brought about by her personnel, are personal acts of the ship for which, as a juristic person, she is legally responsible, has long been recognized * * *." [324 U.S. at page 224, 65 S.Ct. at page 644, 89 L.Ed. 901.]

■ It is settled of course that "The history of sovereign immunity and the practical necessity of unfettered freedom for government from crippling interferences require a restriction of suability to the terms of the consent, as to persons, courts and procedure." [Great Northern Life Ins. Co. v. Read, 1944, 322 U.S. 47, 53, 54, 64 S.Ct. 873, 876, 88 L.Ed. 1121.] But it. is equally well settled that "When authority is given, it is liberally construed." [United States v. Shaw, 1940, 309 U.S. 495, 501, 60 S.Ct. 659, 661, 84 L.Ed. 888.]

If libelant had been employed by the War Shipping Administration in the service of a merchant vessel of the United States, there would be no question as to consent to sue his government for wages under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. [50 U.S.C.A.Appendix, § 1291; McCrea v United States, 1935, 294 U.S. 23, 55 S.Ct. 291, 79 L.Ed. 735; Leahy v. United States, D.C.S.D.N.Y.1945, 63 F.Supp. 11.] And I am unable to perceive any basis in reason or policy for assuming the Government has granted civilian seamen permission to sue in that case but has withheld permission in the circumstances at bar. [Cf. Dahn v. Davis, Agent, etc., 1921, 258 U.S. 421, 431, 432, 42 S.Ct. 320, 66 L.Ed. 696; United States v. Marine, 4 Cir., 1946, 155 F.2d 456, 459, 460; Bradey v. United States, 2 Cir., 1946, 151 F.2d 742, certiorari denied 1946, 326 U.S. 795, 66 S.Ct. 484, 90 L.Ed. 483; The Culberson, 3 Cir., 1932, 61 F.2d 194; Dobson v. United States, 2 Cir., 1928, 27 F.2d 807, 809, certiorari denied 1929, 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563.]

■ Accordingly I hold that the Public Vessels Act authorizes a civilian seaman

employed by the War Department in the service of a public vessel of the United States to maintain a libel in personam in admiralty against the Government for damages for breach of his contract for wages.

■ Since the libel at bar invokes the jurisdiction of this court under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and it appears that the vessels involved were "public vessels" of the United States not employed as "merchant vessels", respondent's exceptions will be sustained, with leave to libelant to amend pursuant to local rule 129 so as to invoke jurisdiction under the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

Proctors for respondent will submit formal order embodying this ruling pursuant to local rule 7 within five days.