**THOMASON et al. v. UNITED STATES.**
No. 27711.

United States District Court
N. D. California, S. D.
Oct. 22, 1948.

On Motion to Dismiss Aug. 15, 1949.

L. Chas. Gay, San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, United States Attorney, and C. Elmer Collett, Assistant United States Attorney, San Francisco, Cal., for defendant.

GOODMAN, District Judge.

The United States has moved to dismiss plaintiffs' complaint (under the Tucker Act, 28 U.S.C.A. § 41(20) [now § 1346]) for the recovery of wages and bonus alleged to be due plaintiffs as seamen pursuant to an employment contract. The employment contract is attached to the complaint. Its provisions were breached, plaintiffs allege, in that the United States failed to pay plaintiffs wages and bonuses fixed by the terms of the contract for services in the war zones during the late war. The United States contends that the cause does not lie under the Tucker Act, on the ground that, by its terms, this court has no jurisdiction of suits by "officers of the United States" to recover compensation for official services.

There is no doubt that the determination of what constitutes an "officer of the United States" within the purview of the Tucker Act depends upon the manner of appointment of a Federal employee. If the plaintiffs were appointed by the "head of ·a department," (Constitution Article II, Section 2) they are "officers of the United States" and hence could not maintain this action. The United States Supreme Court and inferior Federal Courts have frequently been called upon to decide who are "officers of the United States." The test used in the great majority of the cases is: Was the employee appointed by the "head of a department" or by one to whom the power of appointment has been delegated by the "head of a department"? U. S. v. Germaine, 1878, 99 U.S. 508, 25 L.Ed. 482; U. S. v. Mouat, 1888, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463; Burnap v. U. S., 1920, 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692; Scully v. U. S., C.C., 193 F. 185; Morrison v. U. S., D.C., 40 F.2d 286; Hoeppel v. U. S., 66 App.D.C. 71, 85 F.2d 237; Brooks v. U. S., D.C., 33 F.Supp. 68.

I am unable to decide this question upon the pleadings alone. The manner and circumstances of the employment of plaintiffs is not before the court. If the evidence discloses that plaintiffs were employed by a "head of a department" of the United States or by one to whom the power of appointment had been delegated by the "head of a department," the action will have to be dismissed; if the contrary appears, the court will have jurisdiction to determine the cause on the merits.

In Henderson v. U. S., D.C., 74 F.Supp. 343, cited by defendant, Judge Bondy, in a case like this, at the trial, held that upon the evidence, plaintiffs were "officers of the United States", having been appointed by the head of a department. He also decided that plaintiffs were not entitled to recover on the merits.

In Jentry v. U. S., D.C., 73 F.Supp. 899, cited by defendant, also a case like this, but brought on the admiralty side under the Suits in Admiralty Act, Judge Mathes allowed the cause to proceed under the Public Vessels Act, 46 U.S.C.A. § 781.

Judge Mathes' statement in his opinion that the cause could not lie under the Tucker Act because the libelants, being employees of the United States in the Army Transport Service, were "officers of the United States", in my opinion, was dictum, inasmuch as jurisdiction was there invoked under the Suits in Admiralty Act.

Pursuant to Rule 12(d) of the Rules of Civil Procedure, ruling on defendant's motion to dismiss is deferred until the trial. Defendant shall file its responsive pleading within ten days after notice of this order. Rule 12(a) (1).

### On Motion to Dismiss

Heretofore defendant moved to dismiss plaintiffs' complaint upon the ground that no cause of action was stated under the Tucker Act. 28 U.S.C.A. § 41(20) [now § 1346] for the reason that by the terms of said act the Court lacked jurisdiction of suits by "officers of the United States." The Court reserved ruling upon the motion until the time of trial, Rule 12(d), Federal Rules of Civil Procedure, 28 U.S. C.A., upon the ground that the question could not be determined upon the pleadings alone inasmuch as the manner and circumstances of the employment of plaintiffs was not before the Court. See Order Reserving Ruling on Motion to Dismiss filed October 22, 1948.

Upon conclusion of plaintiffs' case at the trial, defendant renewed its motion to dismiss. In support of the motion, the Government submitted various War Department orders and circulars designating the officials authorized by the head of the War Department to appoint and classify civilian personnel and civil service employees. Also there was submitted the employment contract of plaintiff Thomason, as well as his oath of office, his declaration as a civil service appointee of the War Department, and his civil service application for federal employment. These documents were published and executed pursuant to the following provisions of the United States Code and of the Code of Federal Regulations: 5 U.S.C.A. § 43; 5 U.S.C.A. §§ 631–634; 5 Code of Federal Regulations 2.1 and 2.3; 5 Code of Federal Regulations 50.4b.

It is not amiss to point out that Thomason, on the witness stand, before the introduction of the documents, denied execution of the oath of office and application for civil service employment. But the documents admittedly demonstrate the incorrectness of his statement in that regard.

The evidence fully proves that the plaintiff Thomason was appointed by the head of a Department of the United States and was therefore an "officer of the United States." Consequently the Court does not have jurisdiction of this cause under the Tucker Act. See authorities cited in the Order Reserving Ruling, of October 22, 1948.

I am further of the opinion that the Court does have jurisdiction of this cause under the Public Vessels Act. 46 U.S.C.A. § 781; Canadian Aviator v. U. S., 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901; American Stevadores, Inc., v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1101; U. S. v. Loyola, 9 Cir., 161 F.2d 126; Jentry v. U. S., D.C., 73 F.Supp. 899.

However it would be unavailing for plaintiffs to proceed under the Public Vessels Act inasmuch as the complaint having been filed more than two years after the claims arose, it is barred under the provisions of 46 U.S.C.A. § 745. Kakara v. U. S., 9 Cir., 157 F.2d 578; Crescitelli v. U.S., 3 Cir., 159 F.2d 377; Piascik v. U. S., D.C., 65 F.Supp. 430.

Furthermore, I am of the opinion, after examining the contract of employment, that it is plain and unambiguous. For the reasons stated by Judge Bondy in Henderson v. U. S., D.C., 74 F.Supp. 343, plaintiffs are not entitled, under the contract terms, to recover what they seek.

The motion to dismiss is granted and the cause is hereby dismissed.