## THOMASON et al. v. UNITED STATES.
### No. 12400.

United States Court of Appeals
Ninth Circuit.
Aug. 21, 1950.

---

L. Charles Gay, San Francisco, Cal., for appellant.

H. G. Morison, Asst. Atty. Gen., Keith R. Ferguson, Sp. Asst. to Atty. Gen., Leavenworth Colby, Sp. Asst. to Atty. Gen., Frank J. Hennessy, U. S. Atty., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY and ORR, Circuit Judges, and McLAUGHLIN, District Judge.

ORR, Circuit Judge.

Pursuant to a written contract of employment appellants worked as seamen aboard tugboats operated by the United States during World War II in the European Theatre of Operations. They had a civil service status. Appellants sued, alleging a breach of contract in that the United States had failed to pay overtime and bonus amounts claimed to be due.

Jurisdiction was alleged to exist under the Tucker Act, 28 U.S.C.A. § 41 (20), now 28 U.S.C.A. §§ 1346, 2401, 2402.

The trial court dismissed the action. We think the judgment of dismissal should be sustained upon the ground that exclusive jurisdiction of wage suits by civil service employees of the United States serving as seamen on its public vessels is under the Public Vessels Act, 46 U.S.C.A. §§ 781-790, and the Suits in Admiralty Act, 46 U.S.C.A. §§ 741-752. These Acts have a two-year limitation. The suit was filed after the expiration of that time and, hence, was too late.

As we read the decisions dealing with the Public Vessels Act, there seems to have been an increasing recognition of the greater breadth of its scope as different jurisdictional questions have been presented. It was at first thought to apply almost exclusively to collision cases. See, O'Neal v. United States, D.C.E.D.N.Y., 1925, 11 F.2d 869; Dobson v. United States, 2 Cir., 1928, 27 F.2d 807. This theory has been discarded and we find jurisdiction to have been upheld in a case involving property damage caused by the negligent operation of a public vessel by its crew. Canadian Aviator, Ltd. v. United States, 1945, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901. In this case it was said that "the Public Vessels Act was intended to impose on the United States the same liability (apart from seizure or arrest under a libel in rem) as is imposed by the admiralty law on the private shipowner * *." 324 U.S. 228, 65 S.Ct. 646. In the case of American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, recovery was awarded to a stevedore who had been injured while working aboard a public vessel in port by the fall of a beam which, through the negligence of the United States, had not been securely locked in place. The case of United States v. Loyola, 9 Cir., 1947, 161 F.2d 126, held the Public Vessels Act sufficiently broad to cover an action for maintenance and cure by a seaman who had contracted tuberculosis during a voyage on a public vessel. See also, Mandel v. United States, D.C.E.D.Pa., 1947, 74 F.Supp. 754. Finally,

the Act has been held to cover wage claims similar to those asserted in the instant case. Jentry v. United States, D.C. S.D.Cal., 1947, 73 F.Supp. 899.

The sustaining of jurisdiction under the Public Vessels Act in other than collision cases is in accord with the evident purpose of Congress to provide for the adjudication of seaman controversies in the admiralty courts. Pursuant to that purpose, Congress has passed two complementary jurisdictional statutes, the Suits in Admiralty Act for cases where the public vessel involved is employed as a merchant vessel, and the Public Vessels Act where the vessel is employed exclusively as a public vessel. It is a rational interpretation to say that in providing a forum for the adjudication of maritime claims uniformity was sought. To hold that seamen's wage claims are not justiciable under the Public Vessels Act would not diminish the liability of the United States for such claims, but would merely transfer the adjudication of all such claims to jurisdiction under the Tucker Act, thereby defeating the policy of uniformity. Cf. American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 453, 67 S.Ct. 847, 91 L.Ed. 1011.

It is said that the Public Vessels Act, 46 U.S.C.A. § 781, imposes liability only for "damages caused by a public vessel," and that this language limits the scope of the Act to actions in tort and excludes actions in contract. This contention overlooks the common usage of the word "damages" as meaning compensation in money for any loss or injury. See American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 450 note 6, 67 S.Ct. 847, 850. Since it is clearly settled that the loss or injury for which damages are claimed need not be "caused" by the ship in the sense that the ship is the physical instrument creating the harm, as in a collision, the meaning of the requirement that the damages be "caused" by the ship is that the damages must have arisen out of the possession or operation of the ship. The phrase includes damages arising from those acts for which a private ship is held legally responsible as a juristic person under the customary legal terminology of the admi-

ralty law. Canadian Aviator, Ltd. **v.** United States, 1945, 324 U.S. 215, 224, 65 S. Ct. 639, 89 L.Ed. 901. Such damages include unpaid compensation for seamen's services. Benedict on Admiralty, 6th ed. 1940, §§ 11, 80.

■ Appellants argue that even though their claims are actionable under the Public Vessels Act, there is nothing to prevent them from proceeding at their election under the Tucker Act. The Suits in Admiralty Act has long been held to afford the exclusive remedy for causes of action within its scope because of the complete system of administration for the adjudication of such claims which the Act provides. Johnson v. United States Shipping Board Emergency Fleet Corp., 1930, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; United States Shipping Board Emergency Fleet Corp. v. Rosenberg Bros., 1928, 276 U.S. 202, 213, 48 S.Ct. 256, 72 L.Ed. 531. The Public Vessels Act provides that suits thereunder shall be subject to and proceed in accordance with all consistent provisions of the Suits in Admiralty Act. 46 U.S.C.A. § 782. The same reasoning that sustains the holding that the Suits in Admiralty Act affords an exclusive remedy applies to the Public Vessels Act as affording the exclusive remedy for damages arising out of the possession and operation of public vessels not then and there operated as merchant vessels. If the Tucker Act were held to be available to seamen on public vessels, they would enjoy a six-year statute of limitations, while seamen on United States merchant vessels would be restricted to a two-year limitation. Each case would require a determination of whether or not the ship at the time was "operated as a merchant vessel", a distinction both difficult of proof and insignificant to the merits of the seaman's claim. Such an arbitrary departure from uniformity was not intended.

■ Appellants point to the Tucker Act as it existed at the time this action was commenced, 28 U.S.C.A. §§ 41(20), 250(1), and its then provisions which permitted suits on claims for which the United States, if suable, would be liable "in a court of law, equity, or admiralty." The quoted words were included in the Tucker Act when it was first enacted in 1887, 24 Stat. 505. This was some time before the enactment of either the Suits in Admiralty Act in 1920 or the Public Vessels Act in 1925. Those words were omitted "as unnecessary" from the corresponding sections of the new title 28, §§ 1346, 1491. See Reviser's Notes to those sections. The Federal Tort Claims Act, enacted in 1946, expressly excludes claims cognizable under the Suits in Admiralty Act or the Public Vessels Act. 28 U.S.C.A. § 2680(d). These later enactments strongly indicate a congressional policy to keep the enforcement of all maritime claims in the admiralty courts as distinguished from other classes of suits in which the United States has consented to be sued.

Judgment affirmed.