## DASHER v. UNITED STATES et al.

District Court, S. D. New York.

Jan. 3, 1945.

William L. Standard, of New York City (Ruth H. Saslow, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Walter X. Connor, of New York City, and Victor Cichanowicz, of Brooklyn, N. Y., of counsel), for respondents.

GODDARD, District Judge.

The libelant, Dasher, a seaman, sues to recover wages and bonuses; also the two for one penalty provided in 46 U.S.C.A. §§ 596 and 597. The libel alleges that the United States, through its governmental agency, the War Shipping Administration, owned, operated and controlled the S. S. James Woodrow upon which Dasher was employed by the respondents as a fireman water tender at wages of $110 per month, plus 100 percent bonus and a $5 a day Mediterranean bonus; that on July 5, 1943, while Dasher was off duty and ashore at a Mediterranean port with permission, he sustained injuries through no fault of his which necessitated his remaining in the local hospital for treatment until August 23rd, when he returned to his duties aboard the James Woodrow; that he was paid his wages and bonus from the time he signed until July 5th, and from August 23rd to the end of the voyage on October 19th, but that he was refused payment, although duly demanded, of wages and bonus for the period from July 7th to August 23rd.

The respondent, American South African Line, Inc., excepts to the libel on the grounds that

1. The facts set forth in the libel are insufficient to constitute a cause of action.

2. That the facts alleged do not constitute a cause of action with the admiralty jurisdiction.

3. That a penalty under Sections 596, 597 of Title 46 U.S.C.A. cannot be recovered on unearned wages.

4. That a penalty under Sections 596, 597 cannot be recovered against a general agent acting for the United States pursuant to a General Agency Agreement.

The vessel and her owner are liable in case a seaman falls sick, or is wounded in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voy-

age is continued. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760. That this is the law is not denied, but respondent urges that as Dasher was ashore on leave when he sustained his injury, he was not injured in the service of the ship. Such contention has been upheld by several Circuit and District Courts, but the Supreme Court has since held otherwise. Aguilar v. Standard Oil Co. of N. J. (Waterman Steamship Corporation v. Jones), 318 U. S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

In the Aguilar case the seaman sustained injury while proceeding from his ship across a dock neither owned nor operated by the defendant, and in the Waterman case the seaman was returning in the dark from his shore leave and fell into an open ditch. In both cases the court held that the seaman was to be regarded as in the service of the ship at the time of his injury. The Supreme Court gives a more liberal interpretation to the words "in the service of the ship". Mr. Justice Rutledge in writing for the court stated "If, in those surroundings [distant and unfamiliar ports] the seaman, without disqualifying misconduct, contracts disease or incurs injury, it is because of the voyage, the shipowner's business. * * * In sum, it is the ship's business which subjects the seaman to the risks attending hours of relaxation in strange surroundings." 318 U. S. 734, 63 S.Ct. 936, 87 L.Ed. 1107.

Applying the decision and the reasoning in the Aguilar case to the facts in the suit at bar, the libelant is held to have been engaged in the service of his ship at the time he sustained his injury, and that exception of the respondents is overruled. Respondents' contention—that a penalty under 46 U.S.C.A. §§ 596, 597 may not be recovered against the United States, is sustained. The United States can be held liable for penalty only when the statute expressly so provides. Missouri Pacific R. Co. et al. v. Ault, 256 U. S. 554, 41 S.Ct. 593, 65 L.Ed. 1087; McCrea v. United States, 2 Cir., 70 F.2d 632. Neither 46 U.S.C.A. § 596 nor Public Law No. 17, 78th Congress [H.R. 133, 50 U.S. C.A.Appendix § 1291], which enables a seaman to sue under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752 provide for the penalty against the United States.

Exceptions No. 1 and No. 2 are dismissed; exception No. 4 is sustained; and it is unnecessary to consider exception No. 3.