## LEAHY v. UNITED STATES.

District Court, S. D. New York.
July 24, 1945.

William L. Standard, by Ruth H. Saslow, both of New York City, for libellant.

John F. X. McGohey, by Corydon B. Dunham, both of New York City, for the United States.

BONDY, District Judge.

The libellant contends that there is due him $120.16 which were deducted from his wages by the respondent which, in its answer, it alleges were paid by it on account of expenses incurred by the libellant while he was apart from the vessel for his own pleasure and business and which were paid by the respondent through its agents.

In May, 1943, the libellant in New York City signed on the "M. V. Rosemont," a vessel owned by the United States and flying the Panamanian flag, in the capacity of ordinary seaman. Saturday evening July 10, 1943, while the ship was at Capetown, Africa, the libellant without informing the officer on duty or obtaining shore leave left the ship and remained ashore until 8:00 o'clock the following Monday.

He testified that he understood that since he had no further work to do he was permitted to leave the vessel provided he was back aboard his ship Monday in time for work.

Members of the crew testified that before the ship arrived at Capetown, the crew were instructed that they should not go ashore, or remain ashore, over night without informing the officer in charge and obtaining shore leave and that the libellant was the only member of the crew who went ashore at the time. The master fined the libellant $5.50, the equivalent of one day's pay, for having gone ashore and having remained away over night without permission and without informing the ship's officer on duty. He then again told libellant that he would have to ask for permission for shore leave no matter what day it was.

Notwithstanding these instructions, on Sunday morning, August 1st, shortly after midnight and while the ship was at Mombasa, the libellant again left the ship without permission and without informing any officer. In the evening, instead of returning to the ship for medical attention, he went to a hospital in Mombasa where he was detained five days for treatment for a first degree sunburn suffered while swimming at a beach in the morning. Thereafter he was taken from Mombasa to Tanga, to which place the ship had in the meantime sailed, in a taxicab supplied by the ship's agents as Mombasa. He was still ill when he reached Tanga. After having been treated there by a physician, he remained at a hotel over night and returned to the ship the next morning when he was

fined $22, the equivalent of four days' pay. He required and received further medical treatment aboardship.

He testified that due to improper treatment, he was in a worse condition when he left the hospital than when he entered it.

The libellant having gone ashore and having remained ashore over night at Capetown and Mombasa in violation of orders subjected himself to the fines properly imposed by the master, See 46 U.S.C.A. § 701; Panamanian Law, Art. 1119, c. 4, subdiv. 1 and 2, which the master said he read to the libellant at Capetown, when he fined him the first time.

There were also deducted from the libellant's pay $60, the charge for his transportation from Mombasa to Tanga and $32.66 for hospital and medical services rendered libellant at Mombasa and Tanga.

The record does not disclose that the libellant requested payment or approval by the master or the ship of any charges. Nor is there any evidence that such charges were reasonable in amount or that he ever promised to repay them. Libellant contended that he was improperly treated in the hospital and that he was in a worse condition when he left than when he entered it five days before and that he required further attention at Tanga and aboardship.

The record does not disclose that the ship or its master was under any obligation to pay for the services rendered to the libellant by the hospital or physicians at the request of the libellant and not of the master. It was not made to appear that the payments made by or on behalf of the ship, upon the approval of the charges by the master, were made under legal compulsion or involuntarily made to enable the ship to leave Tanga with libellant aboard. The payments were not made at his request and there is no proof that law or custom required them to be made by the ship or its owners. The libellant accordingly is entitled to his full unpaid $120.16 wages less $27.50, the amount of the fines. See The Coniscliff, 5 Cir., 270 F. 206.

The libellant is not entitled to recover double wages against the United States. The American Shipper, 2 Cir., 70 F.2d 632, affirmed 294 U.S. 23, 55 S.Ct. 291, 79 L.Ed. 735.

The legal bulletin of the War Shipping Administration No. 30, to which the respondent refers the court, does not apply because the ship did not hospitalize the libellant.