EDWARD H. BURNS, Plaintiff, *v.* BLIDBERG ROTHCHILD Co., INC., Defendant.

City Court of the City of New York, Trial Term, New York County, June 30, 1949.

*William L. Standard* and *Herman Rosenfeld* for plaintiff.

*Corydon B. Dunham* and *James J. Dwyer* for defendant.

COLEMAN, J. The plaintiff, a member of the crew of a vessel of the defendant, sues to recover wages said to have been improperly withheld and for the penalties incurred by the defendant because of the withholding.

On October 9, 1947, the plaintiff signed articles in New York for a voyage not exceeding twelve months. On arrival of the vessel at Recife in Brazil, on November 4, 1947, plaintiff received shore leave with notice that he would have to return by midnight of that day. He did not return by midnight, nor had he returned by the time the vessel sailed about six o'clock the following morning. He rejoined the vessel on November 25, 1947, at Buenos Aires, traveling by air to do so. He was logged two days' pay for his failure to join the vessel at the time of sailing and twenty days' pay for the period of his absence from the vessel. These two loggings, together with the expense of travel amounted to $541.65 and it was this amount which was deducted from the plaintiff when he signed off in Philadelphia in March, 1948. The propriety of the deduction is in question. The deduction for the time that the plaintiff was absent from work and for the failure

to rejoin is not being questioned seriously by the plaintiff; the principal question relates to the cost of transportation, $398.63.

When the plaintiff discovered that he had been left behind, he and two other members of the crew who suffered similar mishaps reported at once to the ship's agent who stated that he was unable to do anything until he had received instructions from the defendant in New York. The three members of the crew, however, were arrested by the Brazilian authorities and were kept in jail for a day and a half. Upon their release they kept in touch with the agent and also with the American Consul, but nothing was done until the agent received a cablegram from the defendant instructing him to send the men by air to rejoin the ship. Nor was anything definite said on the matter of cost of transportation by the plaintiff, or by the ship's agent. The plaintiff was of course willing to rejoin the vessel but he had merely asked to be put on any vessel whether proceeding to the United States or elsewhere. And of course he was in the hands of the Consul for purposes of repatriation. (U. S. Code, tit. 46, §§ 678, 679.) When he rejoined the vessel he was told that the cost of transportation — when that would be ascertained — would be charged against him; the master believed that the plaintiff stated this would be satisfactory to him. " He did not say that he would not stand for the deductions; but I could see he wasn't so happy about it ".

The logbook entries are to the effect that the plaintiff was told that " the amount of his transportation and all expenses caused the ship would be deducted from his pay as soon as the amount expended by agents can be learned "; — " last night this arrangement seemed highly satisfactory to Burns; however this morning he has demanded to be paid off ". Following the entry there is a statement in the plaintiff's own hand — " have been logged for missing ship — have requested to be paid off under Merchant Seaman Law ".

We start with the premise that the statutes dealing with seaman's wages " look towards payment to the seaman by his employer, at the termination of the employment, of all of his earned wages, without any deductions except those which are expressly authorized by statute ". (*Shilman* v. *United States,* 164 F. 2d 649, 650–651.) No statute can be pointed to to justify the deductions and, if the rule is of universal application, of course the deduction here was improper. The rule may not be universal but since it is of basic import in the relation of seaman and vessel, the vessel ought to adduce compelling reason why there should be a departure from it.

I do not find any justification in the facts of this case for doing so. The plaintiff as I have said was ready to leave Recife on any vessel, either to return to the United States or to go elsewhere. The delay in staying at that port must be attributed to the American Consul's desire to hear from the ship's principals before proceeding to repatriate the plaintiff. While from an economic standpoint the plaintiff may have preferred to rejoin the vessel with the prospect of employment of eleven months more, the fact is that the vessel could have left the men to their own devices and have shifted the responsibility for their repatriation to the American Consul. By suggesting to them that they could rejoin the vessel by air and by directing its agent to send them by air to Buenos Aires, the vessel, it seems to me, impliedly assumed the cost of transportation. There was no agreement on the plaintiff's part to pay it; and his failure to contradict the entry in the logbook that he was satisfied to have the expenses borne by him cannot be accepted as an admission against him, assuming such an admission would have any validity. We can go no farther than to say that it was at least the defendant's own desire to have the plaintiff rejoin the vessel, presumably for its benefit, and in those circumstances it should pay the cost. This is not a case where the vessel was required to disburse moneys because of the plaintiff's misconduct, in which event it might obtain reimbursement. (Cf. cases cited in the *Shilman* case, *supra,* p. 651.) The defendant simply chose to take the men back without a commitment from them as to cost, assuming such a commitment would be valid. (*The Coniscliff,* 270 F. 206; *Leahy* v. *United States,* 63 F. Supp. 11.)

The plaintiff, therefore, is entitled to judgment: for $398.63 with interest. I do not believe that he is entitled to recover anything additional by way of penalty upon the defendant. The necessity for paying transportation charges at all arose from the plaintiff's overstaying his leave and there was some justification for defendant's assuming that it would not be obliged to pay them. (U. S. Code tit. 46, § 596; *McCrea* v. *United States,* 294 U. S. 23; *Collie* v. *Fergusson,* 281 U. S. 52.)