## KEEN v. UNITED STATES et al.

United States District Court
S. D. New York.

June 13, 1951.

William L. Standard, New York City, M. J. Heckerling, New York City, of counsel, for libellant.

Irving H. Saypol, U. S. Atty., S. D. New York, New York City, M. J. Morris, New York City, of counsel, for respondents.

**634**

S. H. KAUFMAN, District Judge.

Libellant, a seaman, sues to recover wages earned and extra wages as penalties pursuant to the provisions of 46 U.S.C.A. §§ 596 and 597.

On May 1, 1946, libellant joined the S. S. Elwin F. Knowles at Boston, Massachusetts, with the rating of chief steward. The vessel was owned, operated, and controlled by the United States. The agent of the United States was Agwilines, Inc. The libel against Agwilines has been dismissed by consent.

On September 9, 1946, a few days after the vessel left Brack, Germany, libellant was treated by the purser-pharmacist's mate for symptoms of what appeared to be a venereal infection. The Knowles anchored at Port Said, Egypt on September 18, 1946. An examination by a physician summoned from the City of Port Said disclosed that libellant was suffering from syphilis. Immediate hospitalization was recommended. Libellant was taken by the master to a United States Consul at Port Said and was given his discharge. Libellant was sent to a hospital. There is no evidence that he requested hospitalization. He was released from the hospital approximately two months later and was repatriated to the United States.

It has been stipulated that the earned wages due libellant amount to $557.13. It was further stipulated that the cost of libellant's hospitalization, medical expenses, and transportation to the United States paid by respondent amounted to $709.08.

Respondent contends that it may deduct these expenses so paid by it. There appears to be little support for this contention either in the statutes or the cases.

46 U.S.C.A. § 596 provides that a seaman making foreign voyages shall receive his wages within twenty-four hours after the discharge of the vessel's cargo or within four days after the seaman has been discharged, whichever occurs first. Refusal or neglect to make payment without sufficient cause subjects the master or owner to an extra payment of double wages for each day's delay.

46 U.S.C.A. § 597 provides that a seaman may demand one-half of his unpaid wages when the ship is in port, and the balance of his pay upon the termination of his employment. Failure of the master to comply with the demand releases the seaman from his contract and entitles him to full payment of his earned wages.

■ These provisions are nothing less than positive mandates that the seaman shall receive his pay within the times specified, and exceptions other than those expressly provided for by other sections of the statute may not be allowed. Johnson v. Isbrandtsen Co., D.C.E.D.Pa.1950, 91 F.Supp. 872. In accordance with the view that seamen are "wards of the admiralty"[1], the courts have been firm in refusing to read exceptions into the statute. Shilman v. United States, 2 Cir., 1947, 164 F.2d 649, certiorari denied, 1948, 333 U.S. 837, 68 S.Ct. 608, 92 L.Ed. 1122; Leahy v. United States, D.C.S.D.N.Y.1945, 63 F.Supp. 11.

In the Leahy case, a seaman went ashore without leave at Mombasa in East Africa, and was severely sunburned. After having been hospitalized for five days, he was sent by taxicab to Tanga, the ship's next port of call. The seaman was treated there by a physician and further medical treatment was administered aboard ship. Deductions were made from the seaman's pay amounting to $92.66, which represented the cost of his transportation from Mombasa to Tanga and his hospital and medical expenses. This deduction from the seaman's wages was not allowed. See also The Coniscliff, 5 Cir., 1921, 270 F. 206, which, while it did not involve the present statute, held that the amount paid by a vessel for the treatment of a seaman who contracted syphilis could not be deducted from his wages.

■ Respondent has failed to show legal justification for the deductions sought to be made from libellant's pay. Libellant is entitled to recover his earned wages in the amount stipulated.

■ Libellant's claim for penalties for failure to pay wages at the times provided

1.  4 Benedict, Admiralty § 621 (6th ed. 1940).

by statute is disallowed. Such penalties are not recoverable against the United States. Dasher v. United States, D.C. S.D.N.Y.1945, 59 F.Supp. 742.

The foregoing shall be deemed to be the findings of fact and conclusions of law. If any further findings or conclusions are required, they may be submitted.

Submit judgment in accordance herewith.